Opinion filed August 3, 2006 
















 
 
  
 
 







 
 
  
 
 




Opinion filed August 3, 2006 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00059-CR 

                                                    __________

 

                                JOHNNY EUGENE BAKER, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                          On
Appeal from the 29th District Court

 

                                                       Palo
 Pinto County, Texas

 

                                                    Trial
Court Cause No. 12372

 



 

                                                                   O
P I N I O N

The trial court convicted Johnny Eugene Baker,
upon his plea of guilty, of criminal nonsupport.  A plea bargain agreement was not
entered.  The trial court assessed his
punishment at confinement for two years in a state jail facility.  We affirm.








Appellant=s
court-appointed counsel has filed a motion to withdraw.  The motion is supported by a brief in which
counsel professionally and conscientiously examines the record and applicable
law and states that he has concluded that the appeal is frivolous.  Counsel has provided appellant with a copy of
the brief and advised appellant of his right to review the record and file a
response to counsel=s
brief.  A response has not been
filed.  

Counsel raises one possible point of error
contending that the trial court=s
assessment of punishment constituted cruel and unusual punishment in violation
of U.S. Const. amend. VIII.  The record before this court does not support
this contention.

The Eighth Amendment prohibits punishments that
are cruel and unusual. Harmelin v. Michigan,
501 U.S. 957 (1991); Solem
v. Helm, 463 U.S.
277 (1983).  The trial court
assessed a sentence that was within the range of punishment authorized by Tex. Pen.
Code Ann. '
12.35 (Vernon 2003).[1]  A penalty assessed
within the range of punishment established by the legislature will not be
disturbed on appeal.  Jackson v. State,
680 S.W.2d 809 (Tex. Crim. App. 1984); Bradfield  v. State, 42 S.W.3d 350 (Tex. App.CEastland 2001, pet. ref=d).  There is no
merit to this possible issue.

Court-appointed counsel
has complied with the requirements of Anders v. California, 386 U.S. 738
(1967); Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991); High
v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State,
516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous v. State, 436 S.W.2d 137
(Tex. Crim. App. 1969); Eaden v. State, 161 S.W.3d 173 (Tex. App.CEastland 2005, no pet.).








Following the procedures
outlined in Anders, we have independently reviewed the record, and we
agree that the appeal is without merit. The record reflects that, during a
recess after the jury was selected and sworn, appellant withdrew his case from
the jury, waived his right to a jury trial, and entered an open plea of guilty
to the indictment.  After the jury was
dismissed, the trial court heard evidence. 
Appellant testified that he had not paid child support Ain a number of years.@  He admitted that he
had not taken care of his responsibilities to his ex-wife and children.  Appellant further stated that his failure to
financially support was Aabsolutely@ his fault. 
Appellant also admitted that he had made Aextremely bad decisions,@ had not taken care of his business, and had not done the Aright thing.@  Appellant testified
that, if he was placed on community supervision, he would live in a travel
trailer at his parents= house and Agive every penny@ he had to his children. 
The record also reflects that the trial court had placed appellant in
jail twice before on child support issues.

The motion to withdraw
is granted, and the judgment is affirmed.

 

PER CURIAM

 

August 3, 2006

Do not publish.  See Tex.
R. App. P. 47.2(b).

Panel consists of: 
Wright, C.J., and

McCall, J., and Strange, J.











[1]Section 12.35 provides that a person
convicted of a state jail felony shall be confined for a period of not more
than two years but not less than 180 days. 
An optional fine not to exceed $10,000 is also authorized.