Opinion filed November 1, 2007 











 
 
  
 
 







 
 
  
 
 




Opinion filed November 1,
2007 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00292-CR 

                                                    __________

 

                                  BILLY
AARON SLIGER, Appellant

                                                             V.

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 35th District Court

                                                          Brown
County, Texas

                                                 Trial
Court Cause No. CR17102

 



 

                                                                   O
P I N I O N

This
is an appeal from a judgment adjudicating guilt.  Billy Aaron Sliger originally
entered a plea of no contest to two offenses of aggravated sexual assault of a
child.  Pursuant to the plea bargain agreement, the trial court deferred the
adjudication of appellant=s
guilt, placed him on community supervision for ten years, and assessed a $3,000
fine.  After a hearing on the State=s
third amended motion to adjudicate, the trial court found fifteen of the State=s allegations that
appellant had violated the terms and conditions of his community supervision to
be true, revoked his community supervision, adjudicated his guilt, found the
enhancement allegation to be true, and assessed his punishment at confinement
for fifty years.  We modify the judgment and, as modified, affirm.








In
his sole issue on appeal, appellant contends that evidence is both legally and
factually insufficient to support the trial court=s
sentence.  To the extent that appellant is challenging the sufficiency of the
evidence to support the trial court=s
decision to revoke his community supervision and adjudicate his guilt, those
arguments are not properly before this court.  The hearing was conducted prior
to the June 15, 2007 effective date of the amendment to Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon 2006)
allowing an appeal from the determination to adjudicate.  Therefore, former Tex. Code Crim. Proc. art. 42.12, ' 5(b) (1999) and its
prohibition concerning appeals from the determination to proceed with the
adjudication of guilt apply.[1]  Davis v.
State, 195 S.W.3d 708, 709 (Tex. Crim. App. 2006); Hargesheimer v. State,
182 S.W.3d 906, 909 (Tex. Crim. App. 2006); Hogans v. State, 176 S.W.3d
829, 831 (Tex. Crim. App. 2005); Phynes v. State, 828 S.W.2d 1, 2 (Tex.
Crim. App. 1992); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim.
App. 1992).  Any challenges to the trial court=s
decision to adjudicate are dismissed for want of jurisdiction.

To
the extent that appellant is challenging the length of the sentence assessed,
the record does not support his contentions.  The trial court assessed a
sentence that was within the range of punishment authorized for a person
convicted of a first degree felony offense with one prior felony conviction.  Tex. Pen. Code Ann. ' 12.32 (Vernon 2003), ' 12.42 (Vernon Supp.
2006).   A penalty assessed within the range of punishment established by the
legislature will not be disturbed on appeal.  Jackson v. State, 680
S.W.2d 809 (Tex. Crim. App. 1984); Bradfield v. State, 42 S.W.3d 350
(Tex. App.C Eastland
2001, pet. ref=d). 
Appellant=s sole issue
is overruled.

The
reporter=s record from
the original plea proceedings reflects that appellant entered a plea of no
contest.  Therefore, the judgment of the trial court is modified to reflect
that appellant entered a plea of no contest.  As modified, the judgment is
affirmed.

 

November 1, 2007                                                                   PER
CURIAM

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Former Article 42.12, section 5(b) provided:

 

On violation of a condition of community supervision imposed under
Subsection (a) of this section, the defendant may be arrested and detained as
provided in Section 21 of this article.  The defendant is entitled to a hearing
limited to the determination by the  court of whether it proceeds with an
adjudication of guilt on the original charge.  No appeal may be taken from
this determination (emphasis added).