Clifford Collins BRADFIELD,
Appellant,

v.

STATE of Texas, Appellee.

No. 11–00–00039–CR.

Court of Appeals of Texas,
Eastland.

March 29, 2001.

Rehearing Overruled April 26, 2001.

James Eidson, Criminal Dist. Atty., Kollin Shadle, Appellate Section, Abilene, for appellee.

Panel consists of ARNOT, C.J., and WRIGHT and McCALL, JJ.

### Opinion

ARNOT, Chief Justice.

The trial court convicted appellant of aggravated sexual assault of a child and sentenced him to confinement for 20 years. We affirm.

### Procedural History

Appellant entered a plea of guilty to the offense of aggravated sexual assault of his three-year-old daughter. He stipulated that he caused his male sexual organ to contact his daughter's female sexual organ, and he asked the trial court to consider deferring the adjudication of his guilt and placing him on community supervision. A plea bargain agreement was not entered. The trial court accepted appellant's plea, postponed a determination on guilt, and ordered the preparation of a presentence investigation report. After hearing the evidence presented at the hearing, the trial court convicted appellant of the offense, assessed his punishment, and imposed the sentence in open court.

### Contentions on Appeal

Appellant contends that the evidence was factually insufficient under *Clewis v. State,* 922 S.W.2d 126 (Tex.Cr.App.1996), to support the 20 year sentence that he received and asks this court to "revisit" our holding in *Flores v. State,* 936 S.W.2d 478 (Tex.App.—Eastland 1996, pet'n ref'd). In *Flores,* we stated that the *Clewis* factual sufficiency of the evidence standard "does not apply to the assessment of punishment." *Flores v. State, supra* at 479. Appellant further contends that his punishment is disproportionate to the offense.

Stan Brown, Abilene, for appellant.

### Review of Fact Issues v. Review of Other Issues

In *Meraz v. State*, 785 S.W.2d 146, 155 (Tex.Cr.App.1990), the Court of Criminal Appeals held that affirmative defenses and other fact issues "where the law has designated that the defendant has the burden of proof by a preponderance of the evidence" were subject to factual sufficiency review. The Court of Criminal Appeals in *Clewis* extended this factual sufficiency review to "the elements of the offense" of which the State has the burden of proof. *Clewis v. State*, supra at 129.

Consistent with *Clewis* and *Meraz*, the courts of appeals have applied the *Clewis* standard in reviewing issues that either the State or the defendant has the burden of proof at the punishment phase of the trial, such as the defendant's burden to establish sudden passion arising from adequate cause in *Dudley v. State*, 992 S.W.2d 565 (Tex.App.—Texarkana 1999, no pet'n); in *Easley v. State*, 978 S.W.2d 244 (Tex. App.—Texarkana 1998, pet'n ref'd); in *Naasz v. State*, 974 S.W.2d 418 (Tex. App.—Dallas 1998, pet'n ref'd); and in *Rainey v. State*, 949 S.W.2d 537 (Tex. App.—Austin 1997, pet'n ref'd), *cert. den'd*, 525 U.S. 880, 119 S.Ct. 186 (1998), and the State's burden to establish that the defendant selected the victim based on prejudice or a bias so as to make the act a "hate crime" in *Martinez v. State*, 980 S.W.2d 662 (Tex.App.—San Antonio 1998, pet'n ref'd). Also consistent with *Clewis* and *Meraz*, the courts of appeals have declined to apply the *Clewis* factual sufficiency analysis when reviewing issues which involved discretion, such as in deciding to revoke community supervision as in *Brumbalow v. State*, 933 S.W.2d 298 (Tex.App.— Waco 1996, pet'n ref'd), or in the assessment of punishment as in *Kanouse v. State*, 958 S.W.2d 509 (Tex.App.—Beau-

mont 1998, no pet'n), and in *Flores v. State, supra*.

■ In his brief, appellant equates the review of the determination of fact issues with the review of the assessment of punishment and contends that the same standard of review should be applied to both. We disagree. The determination of *an element of the offense or other fact issue* is different from the assessment of the *amount of punishment*. In answering fact issues, the jury or the trial court weighs the evidence presented to determine if the State has proved that an offense has been committed, if the defendant has established an affirmative defense, or if a mitigating factor or element has been established as required by law. This determination addresses the defendant's guilt or innocence. In assessing punishment, the defendant has been found guilty; and the trial court or the jury now determines the consequences of the defendant's guilt. We decline to extend the factual sufficiency standard in *Clewis* to a review of the assessment of punishment which is the determination of the appropriate consequences for the defendant's illegal actions. *Kanouse v. State, supra*; *Flores v. State, supra*. Appellant's third point of error is overruled.

### Review of the Assessment of Punishment

■ At the punishment phase, appellant introduced into evidence his statement to Abilene Police Officer David Atkins and testified that the statement was true. In his statement, appellant told Officer Atkins that:

> About 8 to 10 months ago, I and my daughter [the victim], were taking a shower together, [the victim] was standing up and was facing away from me. I was on my knee's I pulled my underwear down in the front and took my penis and put soap on it and stuck my

penis between [the victim's] legs. My penis probably rubbed against her vagina. This has only happened one time, and this will never happen again.

Appellant testified that he had an erection at the time; that he did not penetrate his daughter; that he knew that his actions were wrong; that he felt "[b]ad. [r]eal bad" that he sexually assaulted his daughter; and that, for approximately one week, he had denied that he had sexually assaulted his daughter. After the incident was reported, appellant began going to counseling. Appellant stated that he wanted the trial court to give him probation; that he understood that the trial court might not defer the adjudication of his guilt and might not place him on community supervision; and that, if the trial court did find him guilty, he could "live with that" if he had to. Appellant testified that he wanted to "be a member of the community," that he wanted "to be able to see [his] kids when they get older as they grow up," and that he wanted to "at least pay child support if not see [his] kids." He further stated that he did not think that he "deserve[d] to go to prison" for this offense.

Misty Donald testified that she worked at the day care the victim attended and that one afternoon on the playground the victim told her "just matter of factly" that "her daddy washes her tee-tee with his tee-tee." When she asked the victim if she meant with a washrag, the victim told Donald "no" and repeated that "her daddy washes her tee-tee with his tee-tee." Donald reported the victim's statement to the director of the day care who then contacted Child Protective Services. Donald also testified that the victim would "masturbate or she would rub herself" while she slept. Donald stated that the victim was "very artistic" and would draw "everything like the head and hair on the body." In one of her drawings, the victim "kind of like spiralled in [hair] on the private area" and

told Donald that "it was a picture of her daddy with big hair."

The counselor who had been treating appellant testified in appellant's behalf that appellant was responding well. Another counselor testified on behalf of the State as to the behaviors common to victims of sexual abuse.

Appellant contends that the trial court erred by refusing to consider seven other sentences for similar offenses and that his sentence was "unconstitutionally disproportionate" to the offense. We disagree.

■■■ The Eighth Amendment prohibits punishments that are "grossly disproportionate" to the offense for which the defendant has been convicted. *Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991); *McGruder v. Puckett,* 954 F.2d 313 (5th Cir.), *cert. den'd,* 506 U.S. 849, 113 S.Ct. 146, 121 L.Ed.2d 98 (1992); *Hicks v. State,* 15 S.W.3d 626 (Tex.App.—Houston [14th Dist.] 2000, pet'n ref'd); *Hernandez v. State,* 10 S.W.3d 812 (Tex.App.—Beaumont 2000, pet'n filed); *Dunn v. State,* 997 S.W.2d 885 (Tex.App.—Waco 1999, pet'n ref'd); *Jackson v. State,* 989 S.W.2d 842 (Tex.App.—Texarkana 1999, no pet'n). The reviewing court must first compare the gravity of the offense with the severity of the sentence. *Harmelin v. Michigan, supra; McGruder v. Puckett, supra; Hicks v. State, supra; Hernandez v. State, supra; Dunn v. State, supra; Jackson v. State, supra.*

■■ The record does not reflect that appellant's 20-year sentence is grossly disproportionate to the offense of the sexual assault of his three-year-old daughter. Therefore, under the applicable case law, we do not compare the sentences received in similar crimes or the sentences received

in other jurisdictions.[1] *Harmelin v. Michigan, supra; McGruder v. Puckett, supra; Hicks v. State, supra; Hernandez v. State, supra; Dunn v. State, supra; Jackson v. State, supra.* The trial court did not err in failing to consider the seven other sentences.

The trial court's assessment was within the range of punishment authorized by TEX.PENAL CODE ANN. § 12.32 (Vernon 1994).[2] A penalty assessed within the range of punishment established by the legislature will not be disturbed on appeal. *Jackson v. State,* 680 S.W.2d 809 (Tex.Cr.App.1984); *Salinas v. State,* 9 S.W.3d 338 (Tex.App.—San Antonio 1999, no pet'n); *Kanouse v. State, supra; Flores v. State, supra.* The first and second points are overruled.

The judgment of the trial court is affirmed.

1. As the Court noted in *Harmelin v. Michigan, supra* at 1005:

   A better reading of our cases leads to the conclusion that intrajurisdictional and interjurisidictional analyses are appropriate only in the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality.

2. Confinement for life or a term of not more than 99 years nor less than 5 years. An optional fine not to exceed $10,000 is also authorized.