Opinion filed April 13, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed April 13, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00008-CR 

 

                                                    __________

 

                    GUADALUPE 
MARTINEZ  RODRIGUEZ, Appellant

 

                                                             V.

 

                                       STATE  OF 
TEXAS, Appellee

 



 

                                         On
Appeal from the 385th District Court

 

                                                        Midland
County, Texas

 

                                                 Trial
Court Cause No. CR29023

 



 

                                                                   O
P I N I O N

 

The jury convicted Guadalupe Martinez Rodriguez of
the offense of burglary of a habitation, a second degree felony.  The trial court assessed punishment at
confinement for ten years, but the court suspended the imposition of the
sentence and placed appellant on community supervision for eight years.  We affirm. 









In his sole issue on appeal, appellant contends
that the statute under which he was convicted is unconstitutional as applied to
him because the punishment provided for in that statute is Awholly disproportionate to the crime@ and constitutes cruel and unusual
punishment in this case.  Appellant
specifically argues that his conviction for a second degree felony under Tex. Pen. Code Ann. ' 30.02 (Vernon 2003) is
unconstitutional because the offense can be broken down into two misdemeanors C criminal trespass and simple assault C whose punishment range combined would
not exceed the minimum punishment for a second degree felony.  See Tex.
Pen. Code Ann. '
12.21 (Vernon 2003), ''
22.01, 30.05 (Vernon Supp. 2005).  

Appellant was charged with and convicted of
entering the habitation of Mauro Sustaita without consent and, while therein,
committing or attempting to commit an assault. 
This offense is a second degree felony. 
Section 30.02(a)(3), (c)(2). 
Under the circumstances of this case, each of the underlying offenses
would have been a Class A misdemeanor with a maximum punishment of confinement
in jail for one year and a fine of $4,000. 
Section 12.21.  A second degree
felony, however, carries a punishment range of imprisonment in the
institutional division for a term of not less than two years or more than
twenty years plus an optional fine not to exceed $10,000.  Tex.
Pen. Code Ann. '
12.33 (Vernon 2003).  

We hold that the trial court did not err in
upholding the constitutionality of Section 30.02 as applied in this case.  The offense that appellant committed falls
directly within the provisions of Section 30.02.  Section 30.02(a)(3) provides that a person
commits the offense of burglary if, without the effective consent of the owner,
the person enters a building or habitation and commits or attempts to commit a
felony, a theft, or an assault.  Section
30.02(c)(2) provides that the offense is a felony of the second degree if
committed in a habitation.  Although
appellant=s
offense, like most others, can be broken down into lesser offenses, the offense
as a whole is nonetheless a second degree felony as provided for by the
legislature.  

Neither the Eighth Amendment nor any other
provision of the U.S. or Texas Constitution mandates the enactment of a
particular punishment for a particular crime. 
Arnold v. State, 873 S.W.2d 27, 39 (Tex. Crim. App. 1993).  Such determinations are generally left to the
exercise of the judgment of democratically elected legislatures.  Id. 
The Texas Legislature has established a range of punishment for the
offense of burglary of a habitation, and that punishment is not
disproportionate to the crime when the offense is considered as a whole.  








Appellant did not commit a simple trespass or
assault.  His actions were more serious
and illustrate why he faced more serious potential consequences.  Appellant was convicted of breaking into
Sustaita=s home
during the night while it was occupied by Sustaita and appellant=s former girlfriend, assaulting his
former girlfriend by hitting her in the head and back, and then wrestling with
Sustaita until Sustaita threw appellant out of the house.  Because appellant=s
probated sentence was not grossly disproportionate to his crime and was within
the statutory limits, appellant=s
punishment does not constitute cruel and unusual punishment.  See Bradfield v. State, 42 S.W.3d 350,
353-54 (Tex. App.CEastland
2001, pet ref=d)(the
Eighth Amendment requires a comparison of the gravity of the offense with the
severity of the punishment); see also Harmelin v. Michigan, 501 U.S.
957, 962-86 (1991)(discussing the history of the Eighth Amendment).  Appellant=s
issue is overruled.  

The judgment of the trial court is affirmed.  

 

 

RICK STRANGE

JUSTICE

 

April 13, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of: Wright, C.J., and

McCall, J., and Strange, J.