Opinion filed October 16, 2008 











 
 
  
 
 







 
 
  
 
 




Opinion filed October 16,
2008 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-08-00153-CR

                                                    __________

 

                            PEGGY CARDONA GONZALEZ, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 385th District Court

 

                                                        Midland
County, Texas

 

                                                 Trial
Court Cause No. CR31792

 



 

                                              M E M
O R A N D U M   O P I N I O N








This
is an appeal from a judgment revoking community supervision.  Peggy Cardona
Gonzalez was indicted for the offense of theft.  The trial court convicted her
and assessed her punishment at confinement for two years in a state jail
facility.  Pursuant to the plea bargain agreement, the trial court suspended
the imposition of the sentence and placed appellant on community supervision
for five years.  After a hearing on the State=s
amended motion to revoke, the trial court found that appellant had violated the
terms and conditions of her community supervision, revoked her community
supervision, and imposed the original  sentence of confinement for two years in
a state jail facility.  We affirm.

In
her sole issue on appeal, appellant contends that her punishment is
disproportionate to the offense and, therefore, is cruel and unusual.  We
disagree.

The
trial court assessed punishment within the range authorized by the legislature
under Tex. Penal Code Ann. '' 12.35(a), 31.03(e)(4)(D)
(Vernon Supp. 2008).  A sentence assessed within the range of punishment
established by the legislature will not be disturbed on appeal.  Jackson v.
State, 680 S.W.2d 809 (Tex. Crim. App. 1984); Bradfield v. State, 42
S.W.3d 350, 354 (Tex. App.CEastland
2001, pet. ref=d). 
Moreover, we note that the punishment assessed was the punishment appellant
agreed to in her plea bargain agreement.  The issue is overruled.

The
judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

October 16, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.