Opinion filed April 9, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed April 9,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-07-00192-CR

                                                      _________

 

                                     MISTY
RODRIGUEZ, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 104th District Court

 

                                              Taylor
County, Texas

 

                                                  Trial
Court Cause No. 16050B

 



 

                                             M
E M O R A N D U M   O P I N I O N

Misty
Rodriguez appeals her conviction, following her plea of guilty before the
court, of the offense of injury to a child by striking the child with her hand,
a deadly weapon.  The trial court assessed her punishment at life imprisonment
in the Texas Department of Criminal Justice, Institutional Division.  We
affirm.








There
is no challenge to the sufficiency of the evidence.  The record reflects that
Rodriguez=s premature
infant daughter was taken to an emergency room in Abilene.  The baby had
bilateral skull fractures and bleeding in her brain.  Her injuries were not
consistent with shaken baby syndrome and were consistent with blunt force
trauma.  To sustain this type of injury, the baby=s
head must have been struck by a hard or semi-hard object more than once.  The
baby was transferred to Cook=s
Children=s Hospital in
Fort Worth because her injuries were more severe than the Abilene hospital was
equipped to handle.  Rodriguez first told investigating officers that her
eleven-month-old daughter had hit her baby.  At the time of trial, the victim
was unable to see or hear, was in the care of her grandparents, and was Anot very mobile on her own
unless with help.@ 
Rodriguez contends in a single issue on appeal that the life sentence she
received violated her rights under the Eighth Amendment of the United States
Constitution and Article I, section 13 of the Texas Constitution because it is
disproportionate to her crime as shown by the evidence.  Rodriguez waived these
claims because she failed to object to the sentence at the time it was
announced and did not raise these arguments in a posttrial motion.  Rhoades
v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); Nicholas v. State,
56 S.W.3d 760, 768 (Tex. App.CHouston
[14th Dist.] 2001, pet. ref=d). 
Moreover, we note that the trial court assessed punishment within the range
authorized by the legislature under Tex.
Penal Code Ann. '
12.32 (Vernon 2003), '
22.04 (Vernon Supp. 2008).  A penalty assessed within the range of punishment
established by the legislature will not be disturbed on appeal. Jackson v. State, 680 S.W.2d 809 (Tex. Crim. App. 1984); Bradfield v. State,
42 S.W.3d 350, 354 (Tex. App.CEastland
2001, pet. ref=d).  We
overrule Rodriguez=s
sole issue on appeal.

The
judgment is affirmed.

 

PER CURIAM

 

April 9, 2009 

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[1]









[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.