**Opinion filed April 9, 2009**



In The

# Eleventh Court of Appeals

————

## No. 11-07-00192-CR

————

## MISTY RODRIGUEZ, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 16050B**

### MEMORANDUM OPINION

Misty Rodriguez appeals her conviction, following her plea of guilty before the court, of the offense of injury to a child by striking the child with her hand, a deadly weapon. The trial court assessed her punishment at life imprisonment in the Texas Department of Criminal Justice, Institutional Division. We affirm.

There is no challenge to the sufficiency of the evidence. The record reflects that Rodriguez's premature infant daughter was taken to an emergency room in Abilene. The baby had bilateral skull fractures and bleeding in her brain. Her injuries were not consistent with shaken baby syndrome and

were consistent with blunt force trauma. To sustain this type of injury, the baby's head must have been struck by a hard or semi-hard object more than once. The baby was transferred to Cook's Children's Hospital in Fort Worth because her injuries were more severe than the Abilene hospital was equipped to handle. Rodriguez first told investigating officers that her eleven-month-old daughter had hit her baby. At the time of trial, the victim was unable to see or hear, was in the care of her grandparents, and was "not very mobile on her own unless with help." Rodriguez contends in a single issue on appeal that the life sentence she received violated her rights under the Eighth Amendment of the United States Constitution and Article I, section 13 of the Texas Constitution because it is disproportionate to her crime as shown by the evidence. Rodriguez waived these claims because she failed to object to the sentence at the time it was announced and did not raise these arguments in a posttrial motion. *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Nicholas v. State*, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). Moreover, we note that the trial court assessed punishment within the range authorized by the legislature under TEX. PENAL CODE ANN. § 12.32 (Vernon 2003), § 22.04 (Vernon Supp. 2008). A penalty assessed within the range of punishment established by the legislature will not be disturbed on appeal. *Jackson v. State*, 680 S.W.2d 809 (Tex. Crim. App. 1984); *Bradfield v. State*, 42 S.W.3d 350, 354 (Tex. App.—Eastland 2001, pet. ref'd). We overrule Rodriguez's sole issue on appeal.

The judgment is affirmed.

PER CURIAM

April 9, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill, J.[1]

---

[1]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.