**Opinion filed May 21, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00251-CR

_____

## MIGUEL ANGEL LEYVA, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 15794B**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a judgment adjudicating Miguel Angel Leyva's guilt for the offense of aggravated assault. We affirm.

*Procedural Background*

Appellant originally entered a plea of guilty. Pursuant to the plea bargain agreement, the trial court deferred the adjudication of appellant's guilt, placed him on community supervision for ten years, and assessed a $1,000 fine and a $1,000 fine. At the hearing on the State's motion to adjudicate, appellant entered pleas of true to the allegations that he had violated the terms and

conditions of his community supervision.  The trial court found the allegations to be true, revoked appellant's community supervision, adjudicated his guilt, and imposed a sentence of confinement for four years and a $1,000 fine.

*Issue on Appeal*

In his sole issue, appellant invites this court to revisit our holdings in *Flores v. State*, 936 S.W.2d 478 (Tex. App.—Eastland 1996, pet. ref'd), and *Bradfield v. State*, 42 S.W.3d 350 (Tex. App.—Eastland 2001, pet. ref'd), and extend a factual sufficiency of the evidence review to the punishment assessed.  This we decline to do.

The trial court assessed punishment within the range authorized by the legislature under TEX. PENAL CODE ANN. § 12.33 (Vernon 2003), § 22.02 (Vernon Supp. 2008).  A penalty assessed within the range of punishment established by the legislature will not be disturbed on appeal. *Jackson v. State*, 680 S.W.2d 809 (Tex. Crim. App. 1984); *Bradfield*, 42 S.W.3d at 354.  The issue is overruled.

*Holding*

The judgment of the trial court is affirmed.


RICK STRANGE

JUSTICE


May 21, 2009

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.