Opinion filed May 21, 2009 











 
 
  
 
 







 
 
  
 
 




Opinion filed May 21, 2009 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-08-00207-CR

                                                    __________

 

                            MARJORIE LAURA MULLINEX, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                        On
Appeal from the 142nd District Court

 

                                                         Midland
County, Texas

 

                                                 Trial
Court Cause No. CR28059

 



 

                                            M
E M O R A N D U M    O P I N I O N

Marjorie
Laura Mullinex appeals from the trial court=s
judgments adjudicating her guilt for  two offenses of sexual assault of a
child.  We modify and affirm.

Appellant
originally entered pleas of guilty.  Pursuant to the plea bargain agreement,
the trial court deferred the adjudication of guilt and placed appellant on
community supervision for six years for each offense.  For the first offense,
the trial court assessed a $750 fine.  For the second offense, the trial court
assessed a $250 fine.








At
the hearing on the State=s
motions to adjudicate, appellant entered pleas of true to five of the State=s eight allegations.  The
trial court found the allegations to be true, revoked appellant=s community supervision for
each offense, adjudicated appellant=s
guilt for both offenses, and imposed a sentence of confinement for five years
for each offense.

In
her first issue, appellant argues that her sentences are disproportionate to
the gravity of the offenses under both the U.S.
Const. amend. VIII and Tex. Const.
art. I, ' 13.  We
disagree.

The
eighth amendment and the Texas Constitution both prohibit punishments that are Agrossly disproportionate@ to the offenses for which
a defendant has been convicted.  Harmelin v. Michigan, 501 U.S. 957,
1001 (1991); McGruder v. Puckett, 954 F.2d 313, 317 (5th Cir.), cert.
den=d,
506 U.S. 849 (1992); Bradfield v. State, 42 S.W.3d 350, 353 (Tex. App.CEastland 2001, pet. ref=d).  The reviewing court
must first compare the gravity of the offense with the severity of the
sentence.  Harmelin, 501 U.S. at 1001; McGruder, 954 F.2d at 317;
Bradfield, 42 S.W.3d at 353.

The
record does not reflect that the punishment was grossly disproportionate. 
Appellant admitted that she penetrated the victim=s
female sexual organ with her fingers, that she caused the victim=s female sexual organ to
contact her mouth, and that the victim was under the age of seventeen as
alleged in the indictment.  The offenses are defined as second degree felonies
under Tex. Penal Code Ann. ' 22.011 (Vernon Supp.
2008), and the punishments of confinement for five years for each offense are
well within the range of confinement for a term of not less than two years and
not more than twenty years authorized for second degree felonies.  Tex. Penal Code Ann. ' 12.33 (Vernon 2003). 
Penalties assessed within the range of punishment established by the
legislature will not be disturbed on appeal.  Jackson v. State, 680
S.W.2d 809 (Tex. Crim. App. 1984); Bradfield, 42 S.W.3d at 354.  The
first issue is overruled.

Next,
appellant contends that the trial court abused its discretion by revoking her
community supervision.  While appellant acknowledges that a plea of true to a
single allegation will support a trial court=s
decision to revoke, she argues that the trial court failed to make formal
findings.  

In
open court, the trial court stated that it found Paragraphs Nos. 1 through 5
and  7and 8 of the State=s
motion to adjudicate to be true and that it found Paragraph No. 6 of the State=s motion to adjudicate to
be not true.  The judgments nunc pro tunc are modified to reflect these
findings.  The second issue is overruled.








As
modified, the judgments of the trial court are affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

May 21, 2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.