Opinion filed May 21, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed May 21, 2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-08-00257-CR

                                                    __________

 

                               DAGOBERTO RODRIGUEZ, Appellant

                                                             V.

                                         STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 350th District Court

                                                          Taylor
County, Texas

                                                   Trial
Court Cause No. 8714D

 



 

                                             M
E M O R A N D U M   O P I N I O N

The
trial court convicted Dagoberto Rodriguez, upon his plea of guilty, of felony
driving while intoxicated.  A plea bargain agreement was not reached.  The
trial court assessed his punishment at confinement for four years.  We affirm.

                                                                 Issues
on Appeal

Appellant
argues in his first issue that the trial court abused its discretion when it
assessed confinement instead of placing him on community supervision.  In his
second issue, appellant contends that the trial court erred in its reliance on
the presentence investigation report.

                                                             Punishment
Assessed








Appellant
stipulated that he had been convicted of DWI in 1992 in San Saba County and in
1991 in Llano County.  Tex. Penal Code
Ann. ' 49.09
(Vernon Supp. 2008) provides that the offense of DWI shall be a third degree
felony if a person has two prior qualifying DWI convictions.  Tex. Penal Code Ann. ' 12.34 (Vernon 2003)
provides that a person convicted of a third degree felony offense shall be
sentenced to confinement for a term of not more than ten years and not less
than two years.  An optional fine not to exceed $10,000 is also authorized. 

The
trial court assessed punishment within the range authorized.  A penalty
assessed within the range of punishment established by the legislature will not
be disturbed on appeal. Jackson v. State, 680 S.W.2d 809 (Tex. Crim.
App. 1984); Bradfield v. State, 42 S.W.3d
350, 354 (Tex. App.CEastland
2001, pet. ref=d).  The first
issue is overruled.

                                                    Presentence
Investigation Report

Appellant
argues that the trial court erred when it considered the presentence
investigation report but failed to take judicial notice of the report and that
the trial court failed to allow appellant an opportunity to object to the
report.  Appellant contends that the report contained extraneous offenses that
were not established beyond a reasonable doubt.

Appellant
raised no objections to the report at the punishment hearing.  In fact, the
record reflects that both appellant and his counsel had had sufficient time to
review the report.  Appellant testified that his counsel had reviewed the
report with him and that he understood that the trial court was going to
determine his punishment at the conclusion of the hearing.  Appellant also
testified about his prior DWIs and other trouble with the law.

Appellant has
not preserved his complaint for appellate review.  Tex. R. App. P. 33.1.  Moreover, we note that the law does
not require that extraneous offenses in a presentence investigation report be
established beyond a reasonable doubt.  Smith v. State, 227 S.W.3d 753,
762 (Tex. Crim. App. 2007).  The second issue is overruled.

                                                                        Holding

The judgment
of the trial court is affirmed.

 

 

May 21, 2009                                                                          RICK
STRANGE

Do not publish.  See Tex. R. App. P. 47.2(b).                         JUSTICE

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.