**Opinion filed May 21, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00257-CR

_____

## DAGOBERTO RODRIGUEZ, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 350th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 8714D**

## M E M O R A N D U M   O P I N I O N

The trial court convicted Dagoberto Rodriguez, upon his plea of guilty, of felony driving while intoxicated. A plea bargain agreement was not reached. The trial court assessed his punishment at confinement for four years. We affirm.

*Issues on Appeal*

Appellant argues in his first issue that the trial court abused its discretion when it assessed confinement instead of placing him on community supervision. In his second issue, appellant contends that the trial court erred in its reliance on the presentence investigation report.

*Punishment Assessed*

Appellant stipulated that he had been convicted of DWI in 1992 in San Saba County and in 1991 in Llano County. TEX. PENAL CODE ANN. § 49.09 (Vernon Supp. 2008) provides that the

offense of DWI shall be a third degree felony if a person has two prior qualifying DWI convictions. TEX. PENAL CODE ANN. § 12.34 (Vernon 2003) provides that a person convicted of a third degree felony offense shall be sentenced to confinement for a term of not more than ten years and not less than two years. An optional fine not to exceed $10,000 is also authorized.

The trial court assessed punishment within the range authorized. A penalty assessed within the range of punishment established by the legislature will not be disturbed on appeal. *Jackson v. State*, 680 S.W.2d 809 (Tex. Crim. App. 1984); *Bradfield v. State*, 42 S.W.3d 350, 354 (Tex. App.—Eastland 2001, pet. ref'd). The first issue is overruled.

*Presentence Investigation Report*

Appellant argues that the trial court erred when it considered the presentence investigation report but failed to take judicial notice of the report and that the trial court failed to allow appellant an opportunity to object to the report. Appellant contends that the report contained extraneous offenses that were not established beyond a reasonable doubt.

Appellant raised no objections to the report at the punishment hearing. In fact, the record reflects that both appellant and his counsel had had sufficient time to review the report. Appellant testified that his counsel had reviewed the report with him and that he understood that the trial court was going to determine his punishment at the conclusion of the hearing. Appellant also testified about his prior DWIs and other trouble with the law.

Appellant has not preserved his complaint for appellate review. TEX. R. APP. P. 33.1. Moreover, we note that the law does not require that extraneous offenses in a presentence investigation report be established beyond a reasonable doubt. *Smith v. State*, 227 S.W.3d 753, 762 (Tex. Crim. App. 2007). The second issue is overruled.

*Holding*

The judgment of the trial court is affirmed.

May 21, 2009                                         RICK STRANGE

Do not publish. *See* TEX. R. APP. P. 47.2(b).          JUSTICE

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

2