Opinion filed May 21, 2009 











 
 
  
 
 







 
 
  
 
 




Opinion filed May 21, 2009 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                     Nos. 11-09-00007-CR, 11-09-00008-CR, 11-09-00009-CR, 

                                 11-09-00010-CR,
& 11-09-00011-CR

                                                    __________

 

                                   CODY LEE WILLIAMS, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 104th District Court

                                                          Taylor
County, Texas

               Trial
Court Cause Nos. 16923B, 16927B, 16931B, 16932B, & 16964B

 



 

                                            M
E M O R A N D U M     O P I N I O N

Cody
Lee Williams appeals five theft convictions.  In each case, he entered a plea
of guilty and pleas of true to the jurisdictional allegations of prior theft
convictions.  No plea bargain agreements were entered.  The trial court then
convicted appellant of each offense and sentenced him to confinement in a state
jail facility for two years for each offense.  The trial court ordered that the
punishment in Cause No. 11-09-00007-CR would be served after the completion of
the punishment in Cause No. 11-09-00009-CR and that the punishments in Cause
Nos. 11-09-00008-CR, 11-09-00010-CR, and 11-09-00011-CR would be served
concurrently but would begin after the punishment in Cause No. 11-09-00007-CR
was served.  We modify and affirm.








                                                     Issues
on Appeal

In
each case, appellant has briefed two issues.  First, appellant argues that the Atrial court=s attempt to cumulate
sentences was insufficient.@ 
Appellant contends that the trial court did not properly describe the sentences
to be served.  Second, appellant challenges the factual sufficiency to support
the total confinement assessed for these five offenses.

                                                       Pronouncement
of Sentences

All
five cases were heard together.  After the presentence investigation report had
been completed, the trial court held a disposition hearing.  At the conclusion
of the hearing, the trial court stated:

Cause
No. 16,931-B, I find the Defendant guilty.  I assess [punishment at] two years
in a state jail.

 

Cause
No. 16,923-B, I find the Defendant guilty.  I assess punishment at two years in
a state jail.

 

Cause
No. 16, 927-B, I find the Defendant guilty.  I assess punishment at two years
in a state jail.

 

Cause
No. 16,932-B, I find the Defendant guilty.  I assess punishment at two years in
a state jail.

 

Cause
No. 16,964-B, I find the Defendant guilty.  I assess punishment at two years in
a state jail.

 

The trial court
then explained its reasons for the punishment and admonished appellant
concerning his future.  When the trial court formally imposed the sentences, it
stated:

Cause
No. 16,931-B, I sentence you to two years in a state jail.

 

Cause
No. 16,923-B, I sentence you to two years in a state jail.

 

Cause
No. 16,927-B, I sentence you to two years in a state jail.

 

Cause
No. 16,932-B, I sentence you to two years in a state jail.

 

Cause
No. 16,964-B, I sentence you to two years in a state jail.

 








The
sentence in Cause No. 16,923-B will be stacked on Cause No. 16,931-B.  And the
sentences in Cause Nos. 16,927, 16,932, and 16,964, those three sentences will
be served concurrently, but they will be stacked on top of Cause No. 16,923.

 

On the written
sentences, the form merely states Aconsecutively@ or An/a.@ 
On the second page of the judgments in Cause Nos. 11-09-00007-CR,
11-09-00008-CR, 11-09-00010-CR, and 11-09-00011-CR, the trial court specified
which case the respective punishment would be served Acumulative to@
and Aconsecutive with.@  However, there was no
mention in any of the judgments of sentences being served Aconcurrently.@  Appellant raised no
objections to either the oral pronouncement of the sentences or the written
sentences.  Appellant has failed to preserve these complaints for appellate
review.  Tex. R. App. P. 33.1.

As
appellant correctly points out, the trial court=s
oral pronouncement controls over the written sentence.  Ex parte Madding,
70 S.W.3d 131, 135 (Tex. Crim. App. 2002).  We note that the trial court=s oral pronouncements were
sufficient.  Tex. Code Crim. Proc. Ann.
art. 42.08 (Vernon 2006).  In the interest of justice, the judgments in Cause
Nos. 11-09-00008-CR, 11-09-00010-CR, and 11-09-00011-CR will be modified.  The
first issue is overruled in each case.

                                                 Punishment
Assessed

In
each case, appellant asks this court to reconsider our position in both Flores
v. State, 936 S.W.2d 478 (Tex. App.CEastland
1996, pet. ref=d), and
Bradfield v. State, 42 S.W.3d 350 (Tex. App.CEastland 2001, pet. ref=d), where we held that the term of punishment
was not subject to a factual sufficiency review.  Appellant seeks a factual sufficiency
review of the trial court=s
assessment of punishment and decision to stack the sentences.  For the reasons
stated in Flores and Bradfield, we believe that such a review is
not appropriate.

The
trial court assessed punishment within the range authorized by the legislature
under Tex. Penal Code Ann. ' 12.35 (Vernon 2003) and
Article 42.08.  A penalty assessed within the range of punishment established
by the legislature will not be disturbed on appeal. Jackson v. State,
680 S.W.2d 809 (Tex. Crim. App. 1984); Bradfield, 42 S.W.3d at 354. 
Appellant=s second
issue is overruled in each case.

                                                 This Court=s Holdings

In Cause No. 11-09-00007-CR, the judgment of the trial
court is affirmed.








In
Cause No. 11-09-00008-CR, the judgment of the trial court is modified to
reflect that this two-year sentence for theft shall be concurrent with, that is
served at the same time as, his two-year sentences for theft in Trial Court
Cause Nos. 16932B and 16964B in the 104th District Court in Taylor County and
that these three sentences in Trial Court Cause Nos. 16927B, 16932B, and 16964B
will be served consecutively to, that is after his completion of, his two-year
sentence for theft in Trial Court Cause No. 16923B in the 104th District Court
in Taylor County.  As modified, the judgment is affirmed.

In
Cause No. 11-09-00009-CR, the judgment of the trial court is affirmed.

In
Cause No. 11-09-00010-CR, the judgment of the trial court is modified to
reflect that this two-year sentence for theft shall be concurrent with, that is
served at the same time as, his two-year sentences for theft in Trial Court
Cause Nos. 16927B and 16964B in the 104th District Court in Taylor County and
that these three sentences in Trial Court Cause Nos. 16927B, 16932B, and 16964B
will be served consecutively to, that is after his completion of, his two-year
sentence for theft in Trial Court Cause No. 16923B in the 104th District Court
in Taylor County.  As modified, the judgment is affirmed.

In
Cause No. 11-09-00011-CR, the judgment of the trial court is modified to
reflect that this two-year sentence for theft shall be concurrent with, that is
served at the same time as, his two-year sentences for theft in Trial Court
Cause Nos. 16927B and 16932B in the 104th District Court in Taylor County and
that these three sentences in Trial Court Cause Nos. 16927B, 16932B, and 16964B
will be served consecutively to, that is after his completion of, his two-year
sentence for theft in Trial Court Cause No. 16923B in the 104th District Court
in Taylor County.  As modified, the judgment is affirmed.

 

TERRY McCALL

JUSTICE

May 21, 2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.