**Opinion filed May 21, 2009**



**In The**

# Eleventh Court of Appeals

---

**Nos. 11-09-00007-CR, 11-09-00008-CR, 11-09-00009-CR,
11-09-00010-CR, & 11-09-00011-CR**

---

### CODY LEE WILLIAMS, Appellant

### V.

### STATE OF TEXAS, Appellee

---

**On Appeal from the 104th District Court**
**Taylor County, Texas**
**Trial Court Cause Nos. 16923B, 16927B, 16931B, 16932B, & 16964B**

---

### M E M O R A N D U M   O P I N I O N

Cody Lee Williams appeals five theft convictions. In each case, he entered a plea of guilty and pleas of true to the jurisdictional allegations of prior theft convictions. No plea bargain agreements were entered. The trial court then convicted appellant of each offense and sentenced him to confinement in a state jail facility for two years for each offense. The trial court ordered that the punishment in Cause No. 11-09-00007-CR would be served after the completion of the punishment in Cause No. 11-09-00009-CR and that the punishments in Cause Nos. 11-09-00008-CR, 11-09-00010-CR, and 11-09-00011-CR would be served concurrently but would begin after the punishment in Cause No. 11-09-00007-CR was served. We modify and affirm.

*Issues on Appeal*

In each case, appellant has briefed two issues. First, appellant argues that the "trial court's attempt to cumulate sentences was insufficient." Appellant contends that the trial court did not properly describe the sentences to be served. Second, appellant challenges the factual sufficiency to support the total confinement assessed for these five offenses.

*Pronouncement of Sentences*

All five cases were heard together. After the presentence investigation report had been completed, the trial court held a disposition hearing. At the conclusion of the hearing, the trial court stated:

> Cause No. 16,931-B, I find the Defendant guilty. I assess [punishment at] two years in a state jail.
>
> Cause No. 16,923-B, I find the Defendant guilty. I assess punishment at two years in a state jail.
>
> Cause No. 16, 927-B, I find the Defendant guilty. I assess punishment at two years in a state jail.
>
> Cause No. 16,932-B, I find the Defendant guilty. I assess punishment at two years in a state jail.
>
> Cause No. 16,964-B, I find the Defendant guilty. I assess punishment at two years in a state jail.

The trial court then explained its reasons for the punishment and admonished appellant concerning his future. When the trial court formally imposed the sentences, it stated:

> Cause No. 16,931-B, I sentence you to two years in a state jail.
>
> Cause No. 16,923-B, I sentence you to two years in a state jail.
>
> Cause No. 16,927-B, I sentence you to two years in a state jail.
>
> Cause No. 16,932-B, I sentence you to two years in a state jail.
>
> Cause No. 16,964-B, I sentence you to two years in a state jail.

> The sentence in Cause No. 16,923-B will be stacked on Cause No. 16,931-B.
> And the sentences in Cause Nos. 16,927, 16,932, and 16,964, those three sentences
> will be served concurrently, but they will be stacked on top of Cause No. 16,923.

On the written sentences, the form merely states "consecutively" or "n/a." On the second page of the judgments in Cause Nos. 11-09-00007-CR, 11-09-00008-CR, 11-09-00010-CR, and 11-09-00011-CR, the trial court specified which case the respective punishment would be served "cumulative to" and "consecutive with." However, there was no mention in any of the judgments of sentences being served "concurrently." Appellant raised no objections to either the oral pronouncement of the sentences or the written sentences. Appellant has failed to preserve these complaints for appellate review. TEX. R. APP. P. 33.1.

As appellant correctly points out, the trial court's oral pronouncement controls over the written sentence. *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). We note that the trial court's oral pronouncements were sufficient. TEX. CODE CRIM. PROC. ANN. art. 42.08 (Vernon 2006). In the interest of justice, the judgments in Cause Nos. 11-09-00008-CR, 11-09-00010-CR, and 11-09-00011-CR will be modified. The first issue is overruled in each case.

### Punishment Assessed

In each case, appellant asks this court to reconsider our position in both *Flores v. State*, 936 S.W.2d 478 (Tex. App.—Eastland 1996, pet. ref'd), and *Bradfield v. State*, 42 S.W.3d 350 (Tex. App.—Eastland 2001, pet. ref'd), where we held that the term of punishment was not subject to a factual sufficiency review. Appellant seeks a factual sufficiency review of the trial court's assessment of punishment and decision to stack the sentences. For the reasons stated in *Flores* and *Bradfield*, we believe that such a review is not appropriate.

The trial court assessed punishment within the range authorized by the legislature under TEX. PENAL CODE ANN. § 12.35 (Vernon 2003) and Article 42.08. A penalty assessed within the range of punishment established by the legislature will not be disturbed on appeal. *Jackson v. State*, 680 S.W.2d 809 (Tex. Crim. App. 1984); *Bradfield*, 42 S.W.3d at 354. Appellant's second issue is overruled in each case.

### This Court's Holdings

In Cause No. 11-09-00007-CR, the judgment of the trial court is affirmed.

In Cause No. 11-09-00008-CR, the judgment of the trial court is modified to reflect that this two-year sentence for theft shall be concurrent with, that is served at the same time as, his two-year sentences for theft in Trial Court Cause Nos. 16932B and 16964B in the 104th District Court in Taylor County and that these three sentences in Trial Court Cause Nos. 16927B, 16932B, and 16964B will be served consecutively to, that is after his completion of, his two-year sentence for theft in Trial Court Cause No. 16923B in the 104th District Court in Taylor County. As modified, the judgment is affirmed.

In Cause No. 11-09-00009-CR, the judgment of the trial court is affirmed.

In Cause No. 11-09-00010-CR, the judgment of the trial court is modified to reflect that this two-year sentence for theft shall be concurrent with, that is served at the same time as, his two-year sentences for theft in Trial Court Cause Nos. 16927B and 16964B in the 104th District Court in Taylor County and that these three sentences in Trial Court Cause Nos. 16927B, 16932B, and 16964B will be served consecutively to, that is after his completion of, his two-year sentence for theft in Trial Court Cause No. 16923B in the 104th District Court in Taylor County. As modified, the judgment is affirmed.

In Cause No. 11-09-00011-CR, the judgment of the trial court is modified to reflect that this two-year sentence for theft shall be concurrent with, that is served at the same time as, his two-year sentences for theft in Trial Court Cause Nos. 16927B and 16932B in the 104th District Court in Taylor County and that these three sentences in Trial Court Cause Nos. 16927B, 16932B, and 16964B will be served consecutively to, that is after his completion of, his two-year sentence for theft in Trial Court Cause No. 16923B in the 104th District Court in Taylor County. As modified, the judgment is affirmed.

TERRY McCALL
JUSTICE

May 21, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

4