**Opinion filed May 21, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00156-CR

_____

## CHARLIE JAMES COLLINS, JR., Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 15626B**

## M E M O R A N D U M   O P I N I O N

The trial court convicted Charlie James Collins, Jr., upon his plea of guilty, of possession with the intent to deliver cocaine in the amount of 4 grams or more but less than 200 grams. A plea bargain agreement was not reached. The trial court assessed punishment at confinement for forty years. We affirm.

In his sole point of error, appellant argues that the punishment assessed violated his protections under U.S. Const. amend. VIII. Appellant contends that confinement for forty years is grossly disproportionate as well as cruel and unusual. We disagree.

The record from the punishment hearing reflects that, when appellant was arrested, he was wearing underwear, shorts, and jeans. In one of the front pockets of his shorts, appellant had a baggie with approximately forty crack rocks. Appellant also had $417 in the front left pocket of his jeans. Appellant told the arresting officers that "he had bought the cocaine because he and a bunch of friends were going to party with it later on in the night." Appellant stipulated at trial that the forty rocks were cocaine. The rocks weighed 12.19 grams.

Appellant's street name was "Spider." Brown County Deputy Sheriff Billy Bloom testified that, while he was assigned to the West Central Texas task force, he had arranged to purchase $100 of crack cocaine from Spider outside of the Century Lodge. The drugs were delivered by Melissa Coleman to Deputy Bloom. Coleman indicated to Deputy Bloom that the drugs were from Spider. Coleman testified that Spider was appellant and that she delivered drugs outside the Century Lodge to Deputy Bloom but declined to give any other testimony concerning the transaction except for her statement that she had found the drugs on the ground.

Abilene Police Department Agent Susan Belver testified that she had been actively working on an investigation involving appellant and his nephew Orlando Lewis. Appellant and Lewis were selling crack cocaine in the back area of the Century Lodge. During the course of the investigation, Agent Belver learned that neither appellant nor Lewis were renting rooms at the Century Lodge, that they would sit outside the rooms and sell crack cocaine, and that they would leave the drugs in unoccupied rooms when they left to go to their homes. The owner of the Century Lodge gave Agent Belver permission to search empty rooms. She found a duffle bag containing clothing, two handguns, ammunition, sixty-seven grams of crack cocaine, and one-half pound of marihuana. The marihuana was in a Nike shoe box in a plastic bag containing smaller baggies of marihuana. Appellant's fingerprint was found on the larger bag of marihuana.

Appellant admitted that he had a drug problem and testified that the "several rocks of cocaine" he had when he was arrested were for his own use. Appellant denied that he was in the business of selling drugs. On cross-examination, appellant stated that he really did not remember about the rocks of cocaine the officer found on him when he was arrested. He did admit he had bought the rocks to take to a party.

As appellant correctly contends, the eighth amendment prohibits punishment that is "grossly disproportionate" to the offense for which a defendant has been convicted. *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991); *McGruder v. Puckett*, 954 F.2d 313, 317 (5th Cir.), *cert. den'd*, 506 U.S. 849 (1992); *Bradfield v. State*, 42 S.W.3d 350, 353 (Tex. App.—Eastland 2001, pet. ref'd). The reviewing court must first compare the gravity of the offense with the severity of the sentence. *Harmelin*, 501 U.S. at 1001; *McGruder*, 954 F.2d at 317; *Bradfield*, 42 S.W.3d at 353.

The record does not reflect that the punishment was grossly disproportionate. Appellant was arrested in possession of more than twelve grams of cocaine in the form of around forty rocks. There was testimony that he had been the subject of at least two investigations and was known to law enforcement officers by his street name Spider. The offense is defined as a first degree felony under TEX. HEALTH & SAFETY CODE ANN. § 481.112 (Vernon 2003), and the punishment assessed was well within the range for a first degree felony. TEX. PENAL CODE ANN. § 12.32 (Vernon 2003). A penalty assessed within the range of punishment established by the legislature will not be disturbed on appeal. *Jackson v. State*, 680 S.W.2d 809 (Tex. Crim. App. 1984); *Bradfield*, 42 S.W.3d at 354. The issue is overruled.

The judgment of the trial court is affirmed.


JIM R. WRIGHT
CHIEF JUSTICE


May 21, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

3