Opinion filed May 21, 2009 











 
 
  
 
 







 
 
  
 
 




Opinion filed May 21, 2009 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-08-00156-CR

                                                    __________

 

                           CHARLIE JAMES COLLINS, JR., Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 104th District Court

 

                                                          Taylor
County, Texas

 

                                                  Trial
Court Cause No. 15626B

 



 

                                             M
E M O R A N D U M   O P I N I O N

The
trial court convicted Charlie James Collins, Jr., upon his plea of guilty, of
possession with the intent to deliver cocaine in the amount of 4 grams or more
but less than 200 grams.  A plea bargain agreement was not reached.  The trial
court assessed punishment at confinement for forty years.  We affirm.

In
his sole point of error, appellant argues that the punishment assessed violated
his protections under U.S. Const.
amend. VIII.  Appellant contends that confinement for forty years is grossly
disproportionate as well as cruel and unusual.  We disagree.








The
record from the punishment hearing reflects that, when appellant was arrested,
he was wearing underwear, shorts, and jeans.  In one of the front pockets of
his shorts, appellant had a baggie with approximately forty crack rocks. 
Appellant also had $417 in the front left pocket of his jeans.  Appellant told
the arresting officers that Ahe
had bought the cocaine because he and a bunch of friends were going to party
with it later on in the night.@ 
Appellant stipulated at trial that the forty rocks were cocaine.  The rocks
weighed 12.19 grams.

Appellant=s street name was ASpider.@  Brown County Deputy
Sheriff Billy Bloom testified that, while he was assigned to the West Central
Texas task force, he had arranged to purchase $100 of crack cocaine from Spider
outside of the Century Lodge.  The drugs were delivered by Melissa Coleman to
Deputy Bloom.  Coleman indicated to Deputy Bloom that the drugs were from
Spider.  Coleman testified that Spider was appellant and that she delivered
drugs outside the Century Lodge to Deputy Bloom but declined to give any other
testimony concerning the transaction except for her statement that she had
found the drugs on the ground.

Abilene
Police Department Agent Susan Belver testified that she had been actively
working on an investigation involving appellant and his nephew Orlando Lewis. 
Appellant and Lewis were selling crack cocaine in the back area of the Century
Lodge.  During the course of the investigation, Agent Belver learned that
neither appellant nor Lewis were renting rooms at the Century Lodge, that they
would sit outside the rooms and sell crack cocaine, and that they would leave
the drugs in unoccupied rooms when they left to go to their homes.  The owner
of the Century Lodge gave Agent Belver permission to search empty rooms.  She
found a duffle bag containing clothing, two handguns, ammunition, sixty-seven
grams of crack cocaine, and one-half pound of marihuana.  The marihuana was in
a Nike shoe box in a plastic bag containing smaller baggies of marihuana. 
Appellant=s
fingerprint was found on the larger bag of marihuana.

Appellant
admitted that he had a drug problem and testified that the Aseveral rocks of cocaine@ he had when he was
arrested were for his own use.  Appellant denied that he was in the business of
selling drugs.  On cross-examination, appellant stated that he really did not
remember about the rocks of cocaine the officer found on him when he was
arrested.  He did admit he had bought the rocks to take to a party.








As
appellant correctly contends, the eighth amendment prohibits punishment that is
Agrossly
disproportionate@ to
the offense for which a defendant has been convicted.  Harmelin v. Michigan,
501 U.S. 957, 1001 (1991); McGruder v. Puckett, 954 F.2d 313, 317 (5th
Cir.), cert. den=d,
506 U.S. 849 (1992); Bradfield v. State, 42 S.W.3d 350, 353 (Tex. App.CEastland 2001, pet. ref=d).  The reviewing court
must first compare the gravity of the offense with the severity of the
sentence.  Harmelin, 501 U.S. at 1001; McGruder, 954 F.2d at 317;
Bradfield, 42 S.W.3d at 353.

The
record does not reflect that the punishment was grossly disproportionate. 
Appellant was arrested in possession of more than twelve grams of cocaine in
the form of around forty rocks.  There was testimony that he had been the
subject of at least two investigations and was known to law enforcement
officers by his street name Spider.  The offense is defined as a first degree
felony under Tex. Health & Safety
Code Ann. '
481.112 (Vernon 2003), and the punishment assessed was well within the range
for a first degree felony.  Tex. Penal
Code Ann. '
12.32 (Vernon 2003).  A penalty assessed within the range of punishment
established by the legislature will not be disturbed on appeal.  Jackson v.
State, 680 S.W.2d 809 (Tex. Crim. App. 1984); Bradfield, 42 S.W.3d
at 354.  The issue is overruled.

The
judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

May 21, 2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.