Opinion filed May 21, 2009 











 
 
  
 
 







 
 
  
 
 




Opinion filed May 21, 2009 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00300-CR

                                                    __________

 

                               ANTHONY COLE FONTANA, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                 On
Appeal from the Criminal District Court No. 1

 

                                                          Tarrant
County, Texas

 

                                                Trial
Court Cause No. 1044837D

 



 

                                            M
E M O R A N D U M    O P I N I O N

The
trial court convicted Anthony Cole Fontana, upon his plea of guilty, of
aggravated robbery with a knife and found that a deadly weapon was used or
exhibited.  A plea bargain agreement was reached, and the trial court
originally assessed his punishment at confinement for six years in accordance
with the plea agreement.  However, the trial court granted appellant=s motion for new trial as
to punishment only.  After a new punishment hearing, the trial court assessed
punishment at confinement for five years.  We affirm.








In
his sole issue on appeal, appellant contends that the trial court abused its
discretion in assessing his punishment.  Appellant argues that the trial court
only Agave passing
notice to [his] significant brain injury problems.@  Appellant asserts that he was, therefore,
denied a fair trial and should have been placed on deferred adjudication and
asks that this court remand for new punishment.  Appellant does not challenge
his conviction or his plea of guilty.

Tex. Penal Code Ann. ' 29.03 (Vernon 2003)
defines the offense of aggravated robbery and declares it to be a first degree
felony.  Tex. Penal Code Ann. ' 12.32 (Vernon 2003)
provides that a person convicted of a first degree felony offense shall be
confined for life or for a term of not more than ninety-nine years but not less
than five years.  An optional $10,000 fine is also authorized.             The
trial court assessed appellant=s
punishment at the minimum authorized under the applicable law and less than the
terms to which he had originally agreed.  A penalty assessed within the range
of punishment established by the legislature will not be disturbed on appeal. Jackson v. State, 680 S.W.2d 809 (Tex. Crim. App. 1984); Bradfield v. State,
42 S.W.3d 350, 354 (Tex. App.CEastland
2001, pet. ref=d).

The
record before this court does not support appellant=s contentions that he was denied a fair
trial.  The issue is overruled.

The
judgment of the trial court is affirmed.

 

PER CURIAM

 

May 21, 2009  

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.