**Opinion filed September 17, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00327-CR
_____

**DUSTY LUTTRELL, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CR22307**

### M E M O R A N D U M   O P I N I O N

Dusty Luttrell entered an open plea of guilty to (1) the first-degree felony offense of possession of a controlled substance with the intent to deliver, (2) the state jail felony offense of evading arrest, and (3) the state jail felony offense of possession of a controlled substance. The trial court found Appellant guilty of all three offenses and assessed her punishment at confinement for twenty-five years for the first-degree felony and confinement for two years for each of the two state jail felonies. The trial court sentenced Appellant accordingly and ordered that the three sentences were to run concurrently. The only issue that Appellant raises on appeal concerns the trial court's sentence in regard to the first-degree felony offense. We affirm.

The night before police officers arrested Appellant for the felony offense involved in this appeal, Appellant and her cousin by marriage, Patricia Luttrell, went to Cisco to purchase 48.4 grams of methamphetamine from Ricky Schedule. Meanwhile, Brownwood police had received information from a confidential informant to the effect that Appellant was possessing and selling drugs. Officers obtained a warrant to search Appellant's house and vehicles.

On the night of the arrest in this case, Appellant and Patricia were headed to Bangs to make Appellant's truck payment. As was the case when Appellant bought the drugs in Cisco, Appellant's adult autistic daughter was with her. Police officers were concerned about the effects that a forced entry into Appellant's house would have on her autistic daughter and decided to stop Appellant's vehicle rather than first execute the warrant at Appellant's house. When law enforcement personnel attempted to stop Appellant, she threw the bag of methamphetamine—the drugs that she had purchased the night before in Cisco—at Patricia and told her to "get rid of it." Appellant continued to drive as the officers pursued the vehicle. Patricia "panicked" and hid the methamphetamine in her pants; she claimed responsibility for the methamphetamine when the police later found it.

After some time in jail, Appellant told Patricia that she wanted to take responsibility for her actions; only then did Patricia tell the police that the methamphetamine was Appellant's, not hers. Later, Patricia agreed to a plea bargain in which she agreed to testify at Appellant's punishment hearing. In exchange for her testimony, the trial court sentenced Patricia to confinement for fifteen years.

Investigator Carlyle Gover, with the Brown County Sherriff's Office, testified that this was the second largest amount of methamphetamine he had ever seized. Investigator Gover further testified that, depending on the drug dealer, the amount of methamphetamine seized could be worth anywhere from $3,500 to $4,800.

In Appellant's sole issue on appeal, she argues that her sentence is grossly disproportionate to the crime committed and that the sentence she received constituted cruel and unusual punishment in that it is higher than that imposed on other criminals in the same jurisdiction and in other jurisdictions. Specifically, Appellant argues that her sentence is grossly disproportionate to Patricia's fifteen-year sentence for the same crime.

Appellant's sentence is not grossly disproportionate to the crime committed. The Eighth Amendment prohibits sentences that are "grossly disproportionate" to the offense for which the defendant has been convicted. *Bradfield v. State*, 42 S.W.3d 350, 353 (Tex. App.—Eastland 2001, pet. ref'd) (citing *Harmelin v. Michigan*, 501 U.S. 957 (1991)). When a sentence falls within the range provided by the legislature, it is generally not "grossly disproportionate" to the offense committed. *See, e.g.*, *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). The statutory range of punishment for this offense is confinement for life or for any term not less than five years and not more than ninety-nine years. TEX. PENAL CODE ANN. § 12.32(a) (West 2011). Appellant does not argue that her sentence is not within the range that the legislature has provided.

However, if the sentence is grossly disproportionate to the offense or sentences in other similar offenses, the sentence may violate the Eighth Amendment. *See Bradfield*, 42 S.W.3d at 353. To evaluate the proportionality of a sentence, the first step is for us to make a threshold comparison between the gravity of the offense and the severity of the sentence. *Id*. When analyzing the gravity of the offense, we examine the harm caused or threatened to the victim or society and the culpability of the offender. *See, e.g.*, *Hooper v. State*, No. 11-10-00284-CR, 2011 WL 3855190, at *3 (Tex. App.—Eastland Aug. 31, 2011, pet. ref'd) (citing *Solem v. Helm*, 463 U.S. 277, 291–92 (1983)). Only if grossly disproportionate to the offense, must we then compare Appellant's sentence with the sentences received for similar crimes in

3

this jurisdiction or sentences received in other jurisdictions. *Bradfield*, 42 S.W.3d at 53–54.

Here, Appellant possessed 48.4 grams of methamphetamine. Investigator Gover testified that, for Brown County, this was a large amount for a dealer. In fact, it was the second largest amount of drugs that he had seized in his career. Further, not only was her autistic daughter present in the car when law enforcement officers stopped Appellant, she was also present at the time that Appellant purchased the methamphetamine.

The trial court assessed Appellant's punishment at twenty-five years' confinement. Testimony showed that the considerable amount of methamphetamine involved in this case would be extremely harmful to society. Further, Appellant pleaded guilty to possession of this large amount of drugs. It is of no small moment that Appellant's autistic daughter was present while Appellant was in possession of the drugs. We do not find that the 25-year sentence is grossly disproportionate to the offense committed by Appellant. Consequently, we need not compare Appellant's sentence with the sentences received for similar crimes in this or other jurisdictions. We overrule Appellant's sole issue on appeal.

We affirm the judgment of the trial court.


JIM R. WRIGHT
CHIEF JUSTICE


September 17, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

4