**Opinion filed May 21, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00207-CR

_____

## MARJORIE LAURA MULLINEX, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**

**Midland County, Texas**

**Trial Court Cause No. CR28059**

### M E M O R A N D U M   O P I N I O N

Marjorie Laura Mullinex appeals from the trial court's judgments adjudicating her guilt for two offenses of sexual assault of a child.  We modify and affirm.

Appellant originally entered pleas of guilty.  Pursuant to the plea bargain agreement, the trial court deferred the adjudication of guilt and placed appellant on community supervision for six years for each offense.  For the first offense, the trial court assessed a $750 fine.  For the second offense, the trial court assessed a $250 fine.

At the hearing on the State's motions to adjudicate, appellant entered pleas of true to five of the State's eight allegations. The trial court found the allegations to be true, revoked appellant's community supervision for each offense, adjudicated appellant's guilt for both offenses, and imposed a sentence of confinement for five years for each offense.

In her first issue, appellant argues that her sentences are disproportionate to the gravity of the offenses under both the U.S. CONST. amend. VIII and TEX. CONST. art. I, § 13. We disagree.

The eighth amendment and the Texas Constitution both prohibit punishments that are "grossly disproportionate" to the offenses for which a defendant has been convicted. *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991); *McGruder v. Puckett*, 954 F.2d 313, 317 (5th Cir.), *cert. den'd*, 506 U.S. 849 (1992); *Bradfield v. State*, 42 S.W.3d 350, 353 (Tex. App.—Eastland 2001, pet. ref'd). The reviewing court must first compare the gravity of the offense with the severity of the sentence. *Harmelin*, 501 U.S. at 1001; *McGruder*, 954 F.2d at 317; *Bradfield*, 42 S.W.3d at 353.

The record does not reflect that the punishment was grossly disproportionate. Appellant admitted that she penetrated the victim's female sexual organ with her fingers, that she caused the victim's female sexual organ to contact her mouth, and that the victim was under the age of seventeen as alleged in the indictment. The offenses are defined as second degree felonies under TEX. PENAL CODE ANN. § 22.011 (Vernon Supp. 2008), and the punishments of confinement for five years for each offense are well within the range of confinement for a term of not less than two years and not more than twenty years authorized for second degree felonies. TEX. PENAL CODE ANN. § 12.33 (Vernon 2003). Penalties assessed within the range of punishment established by the legislature will not be disturbed on appeal. *Jackson v. State*, 680 S.W.2d 809 (Tex. Crim. App. 1984); *Bradfield*, 42 S.W.3d at 354. The first issue is overruled.

Next, appellant contends that the trial court abused its discretion by revoking her community supervision. While appellant acknowledges that a plea of true to a single allegation will support a trial court's decision to revoke, she argues that the trial court failed to make formal findings.

In open court, the trial court stated that it found Paragraphs Nos. 1 through 5 and 7 and 8 of the State's motion to adjudicate to be true and that it found Paragraph No. 6 of the State's motion to adjudicate to be not true. The judgments nunc pro tunc are modified to reflect these findings. The second issue is overruled.

2

As modified, the judgments of the trial court are affirmed.


JIM R. WRIGHT

CHIEF JUSTICE


May 21, 2009

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.

3