**Opinion filed May 21, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00316-CR

_____

### JUSTIN ALLEN LUXTON, Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR34564**

### M E M O R A N D U M   O P I N I O N

This is an appeal from a judgment adjudicating Justin Allen Luxton guilty of injury to a child. We affirm.

*Procedural Background*

Appellant originally entered a plea of guilty. On May 12, 2008, pursuant to the plea bargain agreement, the trial court deferred the adjudication of guilt, placed appellant on community supervision for three years, and assessed a $500 fine.

After the November 20, 2008 hearing on the State's motion to adjudicate, the trial court found that appellant had violated the terms and conditions of his community supervision by failing

to report as ordered and by committing the offense of public intoxication. The trial court also found that appellant had violated the terms and conditions of his community supervision as a result of his convictions for public intoxication and for failure to report an accident. The trial court then revoked appellant's community supervision, adjudicated his guilt, and imposed a sentence of confinement for five years.

*Issues on Appeal*

Appellant contends that the trial court abused its discretion when it sentenced him to confinement in prison. Appellant argues that the sentence was harsh and that the trial court should have considered other alternatives such as intensive supervision, electronic monitoring, imposing a curfew, or in-house treatment. Appellant also contends that his trial counsel was ineffective by failing to call him as a witness on his own behalf. Both of appellant's issues are directed to the punishment phase of the proceedings.

*Punishment Assessed*

TEX. PENAL CODE ANN. § 22.04 (Vernon Supp. 2008) defines the offense of injury to a child and declares it to be a third degree felony. TEX. PENAL CODE ANN. § 12.34 (Vernon 2003) provides that a person convicted of a third degree felony shall be confined for a term of not more than ten years nor less than two years. An optional fine not to exceed $10,000 is also authorized.

The trial court assessed punishment within the range authorized by Section 12.34. A penalty assessed within the range of punishment established by the legislature will not be disturbed on appeal. *Jackson v. State*, 680 S.W.2d 809 (Tex. Crim. App. 1984); *Bradfield v. State*, 42 S.W.3d 350, 354 (Tex. App.—Eastland 2001, pet. ref'd). Appellant's first issue is overruled.

*Performance of Trial Counsel*

In order to determine whether appellant's trial counsel rendered ineffective assistance at trial, we must first determine whether appellant has shown that counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for counsel's errors. *Wiggins v. Smith*, 539 U.S. 510, 520 (2003); *Strickland v. Washington*, 466 U.S. 668, 690 (1984); *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005); *Hernandez v. State*, 988 S.W.2d 770 (Tex. Crim. App. 1999). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance, and appellant must overcome the presumption that, under the

2

circumstances, the challenged action might be considered sound trial strategy. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); *Stafford v. State*, 813 S.W.2d 503, 508-09 (Tex. Crim. App. 1991).

The reporter's record from the original plea of guilty and the reporter's record from the hearing on the motion to adjudicate and to determine punishment reflect that the trial strategy was to ask the trial court for leniency. At the original plea hearing, appellant informed the trial court that he had not "really checked" into college and was planning on the military. At the adjudication hearing, it was shown that appellant had entered pleas of guilty to both public intoxication and failure to report an accident. The State asked the trial court to adjudicate appellant because he had violated the terms and conditions of his community supervision twice within the first three months. Trial counsel acknowledged that appellant needed to "understand that when you set down rules, those rules mean to be obeyed." Trial counsel further argued he did not think adjudication and confinement was appropriate and he did not think it would benefit the eighteen-year-old appellant.

After the trial court announced its decision to sentence appellant to confinement for five years, the following occurred on the record:

THE COURT: Is there any legal reason why sentence should not be pronounced at this time?

[PROSECUTOR]: None from the State, your Honor.

THE COURT: Okay.

[DEFENSE COUNSEL]: No, ma'am. We would ask the Court to set an appeal bond.

THE DEFENDANT: Your Honor --

[DEFENSE COUNSEL]: Shut up. You have already said enough.

THE COURT: I will set an appeal bond in the amount of $20,000.

[DEFENSE COUNSEL]: Thank you very much, your Honor.

THE DEFENDANT: Your Honor, can I ask you -- can I talk to you, please? This whole time I haven't been able to say my side of the story. And I just want to say how I feel. I mean, I'm not a bad kid. I'm not a criminal. May I please talk to you, and Ms. -- together? I mean --

THE COURT:  It is not appropriate -- it is really not appropriate for me to receive evidence from you under this situation.

THE BAILIFF:  Like I told you, sit down.

THE DEFENDANT:  Your Honor, all I want to do is serve my country --

THE BAILIFF:  Shut up.

THE DEFENDANT:  That's what I've been wanting to do.

THE BAILIFF:  Do you want to shut up now, or do you want me to take you in handcuffs?

THE DEFENDANT:  I'll shut up.

THE BAILIFF:  Thank you.  You, too.

Appellant contends that the above outburst reflects that trial counsel denied him his right to testify on his own behalf.  We disagree.  The outburst reflects difficulty on appellant's part to comply with proper courtroom decorum and supports trial counsel's strategy to rely on the testimony of the other witnesses in a request for leniency.

The record does not reflect that trial counsel's performance fell below an objective standard of reasonableness.  The second issue is overruled.

*Holding*

The judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE

May 21, 2009

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.