Opinion filed May 21, 2009 











 
 
  
 
 







 
 
  
 
 




Opinion filed May 21, 2009 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-08-00316-CR

                                                    __________

 

                                 JUSTIN ALLEN LUXTON, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 385th District Court

 

                                                         Midland
County, Texas

 

                                                 Trial
Court Cause No. CR34564

 



 

                                              M E
M O R A N D U M   O P I N I O N

This
is an appeal from a judgment adjudicating Justin Allen Luxton guilty of injury
to a child.   We affirm.

                                                           Procedural
Background

Appellant
originally entered a plea of guilty.  On May 12, 2008, pursuant to the plea
bargain agreement, the trial court deferred the adjudication of guilt, placed
appellant on community supervision for three years, and assessed a $500 fine.








After
the November 20, 2008 hearing on the State=s
motion to adjudicate, the trial court found that appellant had violated the
terms and conditions of his community supervision by failing to report as
ordered and by committing the offense of public intoxication.  The trial court
also found that appellant had violated the terms and conditions of his
community supervision as a  result of his convictions for public intoxication
and for failure to report an accident.  The trial court then revoked appellant=s community supervision,
adjudicated  his guilt, and imposed a sentence of confinement for five years.

                                                                 Issues
on Appeal

Appellant
contends that the trial court abused its discretion when it sentenced him to
confinement in prison.  Appellant argues that the sentence was harsh and that
the trial court should have considered other alternatives such as intensive
supervision, electronic monitoring, imposing a curfew, or in-house treatment. 
Appellant also contends that his trial counsel was ineffective by failing to
call him as a witness on his own behalf.  Both of appellant=s issues are directed to
the punishment phase of the proceedings.

                                                             Punishment
Assessed

Tex. Penal Code Ann. ' 22.04 (Vernon Supp. 2008)
defines the offense of injury to a child and declares it to be a third degree
felony.  Tex. Penal Code Ann. ' 12.34 (Vernon 2003)
provides that a person convicted of a third degree felony shall be confined for
a term of not more than ten years nor less than two years.  An optional fine
not to exceed $10,000 is also authorized.

The
trial court assessed punishment within the range authorized by Section 12.34.  A penalty assessed within the range of punishment
established by the legislature will not be disturbed on appeal.  Jackson v.
State, 680 S.W.2d 809 (Tex. Crim. App. 1984); Bradfield
v. State, 42 S.W.3d 350, 354 (Tex. App.CEastland 2001, pet. ref=d).  Appellant=s first issue is overruled.

                                                      Performance
of Trial Counsel








In order to
determine whether appellant=s trial
counsel rendered ineffective assistance at trial, we must first determine
whether appellant has shown that counsel=s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel=s errors.  Wiggins
v. Smith, 539 U.S. 510, 520 (2003); Strickland v. Washington, 466
U.S. 668, 690 (1984); Andrews v. State, 159 S.W.3d 98, 101 (Tex. Crim.
App. 2005); Hernandez v. State, 988 S.W.2d 770 (Tex. Crim. App.
1999).   We must indulge a strong presumption that counsel=s conduct fell within the wide range
of reasonable professional assistance, and appellant must overcome the
presumption that, under the circumstances, the challenged action might be
considered sound trial strategy.  Bone v. State, 77 S.W.3d 828, 833
(Tex. Crim. App. 2002); Stafford v. State, 813 S.W.2d 503, 508-09
(Tex. Crim. App. 1991).

The reporter=s record from the original plea of
guilty and the reporter=s record from
the hearing on the motion to adjudicate and to determine punishment reflect
that the trial strategy was to ask the trial court for leniency.  At the
original plea hearing, appellant informed the trial court that he had not Areally checked@ into college and was planning on the
military.  At the adjudication hearing, it was shown that appellant had entered
pleas of guilty to both public intoxication and failure to report an accident. 
The State asked the trial court to adjudicate appellant because he had violated
the terms and conditions of his community supervision twice within the first
three months.  Trial counsel acknowledged that appellant needed to Aunderstand that when you set down
rules, those rules mean to be obeyed.@  Trial
counsel further argued he did not think adjudication and confinement was
appropriate and he did not think it would benefit the eighteen-year-old
appellant. 

 After the
trial court announced its decision to sentence appellant to confinement for
five years, the following occurred on the record:

THE COURT: 
Is there any legal reason why sentence should not be pronounced at this time?

 

[PROSECUTOR]: 
None from the State, your Honor.

 

THE COURT: 
Okay.

 

[DEFENSE
COUNSEL]:  No, ma=am.  We would
ask the Court to set an appeal bond.

 

THE
DEFENDANT:  Your Honor --

 

[DEFENSE
COUNSEL]:  Shut up.  You have already said enough.

 

THE COURT:  I
will set an appeal bond in the amount of $20,000.

 

[DEFENSE
COUNSEL]:  Thank you very much, your Honor.

 

THE
DEFENDANT:  Your Honor, can I ask you -- can I talk to you, please? This whole
time I haven=t been able
to say my side of the story.  And I just want to say how I feel.  I mean, I=m not a bad kid.  I=m not a criminal.  May I please talk
to you, and Ms. -- together?  I mean --

 








THE COURT: 
It is not appropriate -- it is really not appropriate for me to receive
evidence from you under this situation.

 

THE BAILIFF: 
Like I told you, sit down.

 

THE
DEFENDANT:  Your Honor, all I want to do is serve my country --

 

THE BAILIFF: 
Shut up.

 

THE
DEFENDANT:  That=s what I=ve been wanting to do.

 

THE BAILIFF: 
Do you want to shut up now, or do you want me to take you in handcuffs?

 

THE
DEFENDANT:  I=ll shut up.

 

THE BAILIFF: 
Thank you.  You, too.

 

Appellant
contends that the above outburst reflects that trial counsel denied him his
right to testify on his own behalf.  We disagree.  The outburst reflects
difficulty on appellant=s part to
comply with proper courtroom decorum and supports trial counsel=s strategy to rely on the testimony of
the other witnesses in a request for leniency.

The record does not reflect that trial counsel=s performance fell below an objective
standard of  reasonableness.  The second issue is overruled.

                                                            Holding

The judgment of the trial court is affirmed.

 

 

TERRY McCALL

JUSTICE

May
21, 2009  

Do
not publish.  See Tex. R. App. P.
47.2(b).

Panel
consists of:  Wright, C.J.,

McCall, J.,
and Strange, J.