Opinion filed September 10, 2009 











 
 
  
 
 







 
 
  
 
 




Opinion filed September
10, 2009 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-09-00093-CR

                                                    __________

 

                                    WALTER VILLASANA, Appellant

                                                             V.

                                         STATE
OF TEXAS, Appellee

 



 

                                 On
Appeal from the Criminal District Court No. 4

                                                         Tarrant
County, Texas

                                                Trial
Court Cause No. 1082826D

 



 

                                             M
E M O R A N D U M   O P I N I O N

The
trial court convicted Walter Villasana, upon his plea of guilty, of aggravated
assault with a firearm.  Appellant also entered a plea of true to the
enhancement allegation.  A plea bargain agreement was not reached.  The trial
court assessed his punishment at confinement for seven years.  We dismiss.

Appellant=s court-appointed counsel
has filed a motion to withdraw.  The motion is supported by a brief in which
counsel professionally and conscientiously examines the record and applicable
law and states that he has concluded that the appeal is frivolous.








Counsel
presents one arguable issue in his brief.  Counsel questions whether the
punishment assessed is cruel and unusual.  As counsel notes, the sentence
assessed falls within the range of punishment for a person convicted of a
second degree felony offense with one prior felony conviction.  Tex. Penal Code Ann. '' 12.42, 22.02 (Vernon
Supp. 2008).  A penalty assessed within the range of punishment established by
the legislature will not be disturbed on appeal. Jackson v. State, 680
S.W.2d 809, 814 (Tex. Crim. App. 1984); Bradfield v. State, 42 S.W.3d
350, 354 (Tex. App.CEastland
2001, pet. ref=d). 
The arguable issue is overruled.

Counsel
has provided appellant with a copy of the brief and advised appellant of his
right to review the record and file a response to counsel=s brief.  A response has
been filed. Court-appointed counsel has complied with the requirements of Anders
v. California, 386 U.S. 738 (1967); In re Schulman, 252 S.W.3d 403
(Tex. Crim. App. 2008); Stafford v. State, 813 S.W.2d 503 (Tex. Crim.
App. 1991); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie
v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous v. State,
436 S.W.2d 137 (Tex. Crim. App. 1969); and Eaden v. State, 161 S.W.3d
173 (Tex. App.CEastland
2005, no pet.).

In
his response, appellant challenges the effectiveness of his trial counsel and
raises concerns that, because he was on pain medication after surgery on his
elbow, he was not in his Aright
frame of mind.@ 
Appellant further states that, because of the pain medication, his pleas were
involuntary.  The Texas Court of Criminal Appeals stated in Bledsoe v. State,
178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005), that the court of appeals is to
review appellant=s pro
se claims and examine the record in order to determine whether the record
reflects no reversible error and, therefore, the appeal should be dismissed or
whether arguable grounds exist and, therefore, new counsel should be
appointed.  We have complied with the requirements in Bledsoe and have
found no reversible error.

Following
the procedures outlined in Anders, we have independently reviewed the
record, and we agree that the appeal is without merit.  We note that counsel
has the responsibility to advise appellant that he may file a petition for
discretionary review by the Texas Court of Criminal Appeals.  Ex parte Owens,
206 S.W.3d 670 (Tex. Crim. App. 2006).  Likewise, this court advises appellant
that he may file a petition for discretionary review pursuant to Tex. R. App. P. 66.  Black v. State, 
217 S.W.3d 687 (Tex. App.CEastland
2007, no pet.). 

The
motion to withdraw is granted, and the appeal is dismissed.

 

September 10, 2009                                                                 PER
CURIAM

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.