ACCEPTED
06-15-00177-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
12/15/2015 5:01:34 PM
DEBBIE AUTREY
CLERK

NO. 06-15-00177-CR

_____

TO THE SIXTH COURT OF APPEALS (Texarkana)

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
12/15/2015 5:01:34 PM
DEBBIE AUTREY
Clerk

MICHAEL DEAN RAGLIN,                Appellant,


THE STATE OF TEXAS,                Appellee,

_____


BRIEF PURSUANT TO ANDERS V. CALIFORNIA

_____


APPEAL FROM THE 8TH DISTRICT COURT,
HOPKINS COUNTY, SULPHUR SPRINGS, TEXAS
the Honorable Eddie Northcutt, Presiding Judge

_____


BRYAN WHITE

Attorney at Law

210 W. Shannon Rd.
Sulphur Springs, TX 75482
Ph: 903-885-1155
Fx: 903-885-5522
bryan@roperwhite.com
SBN: 24081206


Attorney for Appellant
MICHAEL DEAN RAGI-IN

_____


Appellant does not request oral argument.

BRIEF PURSUANT TO ANDERS V. CALIFORNIA (Michael Dean Raglin v. State of Texas)

# LIST OF PARTIES AND COUNSEL

<u>Appellant</u>
 Mr. Michael Dean Raglin
TDCJ#02026959
Joe F. Gurney
1385 FM 3328
Palestine, TX 75803
Ph: 903-928-3118

<u>Counsel for Appellant jn Trial Court</u>
 Mr. Jonathan Newsom
Attorney at Law
216 Davis St. North
Sulphur Springs, TX 75482
Ph: 903-951-1851
Fax: 903-951-1852
 Email: ionathan@newsomlaw.net SBN:
 24081067

<u>Counsel for Appellant on Appeal</u>
 <u>Counsel for State of Texas in Trial Court</u>
 Matt Harris
Assistant Criminal District Attorney 8th
Judicial District Attorney's Office 100
Main St.
 Sulphur Springs, TX 75482
Ph: 903-885-0641
Fax: 903-885-0640
 Email: mharris@hopkinscountytx.orq
SBN: 2408314ž

BRIEF PURSUANT TO ANDERS V. CALIFORNIA (Michael Dean Raglin v. State of Texas)

Counsel for State of Texas on Appeal
Matt Harris
Assistant Criminal District Attorney 8th
Judicial District Attorney's Office 100
Main St.
Sulphur Springs, TX 75482
Ph: 903-885-0641
Fax: 903-885-0640
Email: mharris@hopkinscountytx.org
SBN: 24083142

Trial Judge
Honorable Eddie Northcutt
Presiding Judge, 8th District Court
Hopkins County Courthouse 118
Church St.
Sulphur Springs, Texas 75482
"h: 903-4384022
Fax: 903-438-4092

BRIEF PURSUANT TO ANDERS V. CALIFORNIA (Michael Dean Raglin v. State of Texas)

# TABLE OF CONTENTS

Table of Contents

LIST OF PARTIES AND COUNSEL . ........ ............... 2

TABLE OF CONTENTS . ........———————— ..... 4

TABLE OF AUTHORITIES . ........———————— ..... 5

STATEMENT OF THE CASE . ........ ............... 7

ISSUES PRESENTED . ........———————— ...... 10

STATEMENT OF FACTS . ........———————— 1
..... 1

SUMMARY OF ARGUMENTS . ........ ............... 14

ARGUMENTS . ........————————————— ...... 15

CONCLUSION AND PRAYER FOR RELIEF .... 31
.. ...............

CERTIFICATE OF COMPLIANCE . ........ ............... 32

CERTIFICATE OF SERVICE FOR BRIEF . ........ ............... 33

BRIEF PURSUANT TO ANDERS V. CALIFORNIA (Michael Dean Raglin v. State of Texas)

# TABLE OF AUTHORITIES

## CASES

Anders v. California,                                   10,14,15,16
  386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)

Bradfield v. State,                                28
  42 S.W.3d 350 (Tex.App.—Eastland 2001 , pet. ref'd)

High v. State,
  573 S.W.2d 807 (Tex.Crim.App. 1978)

Jackson v. State,                               28
  680 S.W.2d 809 (Tex.Crim.App. 1984)

Mays v. State,                                 10 16
  904 S.W.2d 920 (Tex.App.—Fort Worth 1995, nopet.)

Pollard v. State,                               28
  2012 WL 5447955, 2012 Tex. App. LEXIS 9306 (Tex.App.—Fort Worth #02-11-00496-CR, #02-11-00497-CR, #02-11- 00498-CR, #021 1-00499-CR, #02-11-00500-CR, 11/8/2012, no pet, Not Designated for Publication)

Stafford v. State,                               16
  813 S.W.2d 503 (Tex. Crim. App. 1978)

BRIEF PURSUANT TO ANDERS V. CALIFORNIA (Michael Dean Raglin v. State of Texas)

## STATUTES

Texas Code of Criminal Procedure, Article 4.01                                    17

Texas Code of Criminal Procedure, Article 4.05                                    17

Texas Code of Criminal Procedure, Article 13.18                                   17

Texas Code of Criminal Procedure, Article 132                                     17

Texas Code of Criminal Procedure, Article 39.14 Texas                          8,12
Health & Safety Code, 481.121                                           7,11,23,27

Texas Rules of Appellate Procedure, Rule 44.2                                  17,18

US. Constitution, Amend. Vlll                                                     28

BRIEF PURSUANT TO ANDERS V. CALIFORNIA (Michael Dean Raglin v. State of Texas)

## STATEMENT OF THE CASE

This case involves a criminal prosecution for possession of marijuana in an amount of 50 pounds or less but more than 5 pounds. (CR:5). On July 20, 2011, Michael Dean Raglin was indicted by a grand jury of Hopkins County, Texas for possession of marijuana in an amount of 50 pounds or less but more than 5 pounds in violation of Chapter 481 of the Texas Health & Safety Code. (CR:5). On July 22, 2011, an order setting bond was set at $30,000.00. (CR:6). On August 19, 2011, Mr. Raglin was arraigned and executed an Arraignment From. (CRI 1-12).

On January 26, 2012, Mr. Raglin plead guilty to the offense of possession of marijuana in an amount of 50 pounds or less but more than 5 pounds and executed a plea bargain agreement. (CRM 6-27). The terms of the plea bargain agreement included a sentence recommendation for ten (10) years in the Institutional Division of the Texas Department of Criminal Justice and for that sentence of confinement to be suspended and Mr. Raglin to be placed on community supervision for a period of ten (10) years. (CR:24-27). The plea bargain agreement also imposed a fine of $3,000.00, court costs of $381.00, and restitution of $140.00. (CR:24-27). Furthermore, a community supervision order was executed listing the terms and conditions of community supervision. (CR:24). Mr. Raglin executed

BRIEF PURSUANT TO ANDERS V. CALIFORNIA (Michael Dean Raglin v. State of Texas)

Written Plea Admonishments and the Trail Court's Certification of Defendant's Right of Appeal. (CRM 7-23, 16).

A Motion To Revoke Community Supervision was filed on August 6, 2014 and subsequently withdrawn on November 3, 2014. (CR:28, 30). Thereafter, a Motion To Revoke Community Supervision was filed on August 13, 2015 alleging Mr. Raglin had violated the conditions of his community supervision, the details of which were listed in eight (8) numbered paragraphs in the State's motion. (CR:32-33). On August 24, 2015, the 8th Judicial Court of Hopkins County, Texas appointed Jonathan

Newsom to represent Mr. Raglin. (CR:39)-

On September 10, 2015, Mr. Raglin executed Written Plea Admonishments on the Motion To Revoke Community Supervision and also executed the State's Certificate of Discovery And Defendant's Acknowledgment of Receipt of Discovery pursuant to TEX. CODE CRIM. PROC. ART. 39.14. (CR:44-47). The Court set the case for sentencing to be held on September 21, 2015. (CR:48). On September 21, 2015, The Court set the case for trial before the court to be held on September 22, 2015. (CR:50).

BRIEF PURSUANT TO ANDERS V. CALIFORNIA (Michael Dean Raglin v. State of Texas)

On September 22, 2015, the Court entered a Judgment Revoking Community Supervision and assessed punishment in accordance with the judgment originally entered - ten (10) years in the Institutional Division of the Texas Department of Criminal Justice. (CR:51-53). The judgment also imposed a fine of $2,941.00 and court-appointed attorney's fees of $500.00. (CR:51-53, 56). Mr. Raglin executed the Trail Court's Certification of Defendant's Right of Appeal. (CR:54).

A Notice of Appeal was timely filed on October 9, 2015 along with a Motion to Withdraw by Attomey Jonathan Newsom (CR:58-60), and the trial court certified Mr. Raglin's right to appeal on September 22, 2015 (CR:54). An order appointing Attorney Bryan White for the purpose of appeal was filed on October 19, 2015. (CR:61).

BRIEF PURSUANT TO ANDERS V. CALIFORNIA (Michael Dean Raglin v. State of Texas)

# ISSUES PRESENTED

No issues are presented for review. This brief is submitted to comply with the requirements of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), High v. state, 573 S.W.2d 807 (Tex.Crim.App. 1978), and Mays v. state, 904 S.W.2d 920 (Tex.App.— Fort Worth 1995, no pet).

BRIEF PURSUANT TO ANDERS V. CALIFORNIA (Michael Dean Raglin v. State of Texas)

## STATEMENT OF FACTS

This case involves a criminal prosecution for possession of marijuana in an amount of 50 pounds or less but more than 5 pounds. (CR:5). On July 20, 2011, Michael Dean Raglin was indicted by a grand jury of Hopkins County, Texas for possession of marijuana in an amount of 50 pounds or less but more than 5 pounds in violation of Chapter 481 of the Texas Health & Safety Code. (CR:5). On July 22, 2011, an order setting bond was set at $30,000.00. (CR:6). On August 19, 2011, Mr. Raglin was arraigned and executed an Arraignment From. (CR:11-12).

On January 26, 2012, Mr. Raglin plead guilty to the offense of possession of marijuana in an amount of 50 pounds or less but more than 5 pounds and executed a plea bargain agreement. (CRM 6-27). The terms of the plea bargain agreement included a sentence recommendation for ten (10) years in the Institutional Division of the Texas Department of Criminal Justice and for that sentence of confinement to be suspended and Mr. Raglin to be placed on community supervision for a period of ten (10) years. (CR:24-27). The plea bargain agreement also imposed a fine of $3,000.00, court costs of $381.00, and restitution of $140.00. (CR•.24-27). Furthermore, a community supervision order was executed listing the terms and conditions of community supervision. (CR:24). Mr. Raglin executed

BRIEF PURSUANT TO ANDERS V. CALIFORNIA (Michael Dean Raglin v. State of Texas)

Written Plea Admonishments and the Trail Court's Certification of Defendant's Right of Appeal. (CRM 7-23, 16).

A Motion To Revoke Community Supervision was filed on August 6, 2014 and subsequently withdrawn on November 3, 2014. (CR:28, 30). Thereafter, a Motion To Revoke Community Supervision was filed on August 13, 2015 alleging Mr. Raglin had violated the conditions of his community supeMsion, the details of which were listed in eight (8) numbered paragraphs in the State's motion. (CR:32-33). On August 24, 2015, the 8th Judicial District Court of Hopkins County, Texas appointed Jonathan Newsom to represent Mr. Raglin. (CR:39).

On September 10, 2015, Mr. Raglin executed Written Plea Admonishments on the Motion To Revoke Community Supervision and also executed the State's Certificate of Discovery and Defendant's Acknowledgment of Receipt of Discovery pursuant to TEX. CODE CRIM. PROC. ART. 39.14. (CR:44-47). The Court set the case for sentencing to be held on September 21, 2015. (CR:48). On September 21, 2015, the Court set the case for trial before the court to be held on September 22, 2015. (CR:50).

BRIEF PURSUANT TO ANDERS V. CALIFORNIA (Michael Dean Raglin v. State of Texas)

On September 22, 2015, the Court entered a Judgment Revoking Community Supervision and assessed punishment in accordance with the judgment originally entered - ten (10) years in the Institutional Division of the Texas Department of Criminal Justice. (CR:51-53). The judgment also imposed a fine of $2,941.00 and court-appointed attorney's fees of $500.00. (CR:51-53, 56). Mr. Raglin executed the Trial Court's Certification of Defendant's Right of Appeal. (CR:54).

A Notice of Appeal was timely filed on October 9, 2015 along with a Motion to Withdraw by Attorney Jonathan Newsom (CR:58-60), and the trial court certified Mr. Raglin's right to appeal on September 22, 2015 (CR:54). An order appointing Attorney Bryan White for the purpose of appeal was filed on October 19, 2015. (CR:61).

BRIEF PURSUANT TO ANDERS V. CALIFORNIA (Michael Dean Raglin v. State of Texas)

## SUMMARY OF THE ARGUMENTS

This brief is submitted for the purpose of compliance with the requirements of Anders v. California, supra, and related cases.

Page 14 of 33
BRIEF PURSUANT TO ANDERS V. CALIFORNIA (Michael Dean Raglin v. State of Texas)

## ARGUMENTS

### 1. The Anders Brief

In the case ofAnders v. California, supra, the United States Supreme Court set forth the standard for cases in which an appellant's counsel deems the appeal to be "fitm€':

> Of course, if counsel finds his case to be whollyfrivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's briefshould be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

Anders v. California, supra, 386 U.S. at 744, 87 S.Ct. at 1400.

In High v. State, supra, the Texas Court of Criminal Appeals elaborated on these requirements, stating that the trial court makes the initial determination regarding the sufficiencyofcounsel's Anders brief (see high v. State, supra, 573 S.W.2d at 808), and further stating:

As applied to Texas procedure , court-appointed counsel should, in his brief, refer to anything in the record that might arguably support the appeal and make ready references to the record and legal authorities in order to assist the trial court, in the first instance, to determine whethera new trial should be granted Ifthetrial court finds any of the legal points arguable on their merits, and therefore not frivolous, it must, prior to decision, afford the indigent the assistance of counsel in order to argue those points.

High v. State, supra, 573 S.W.2d at 811. With regard to the contents of the

Anders brief, the Court stated:

We recognize that there are cases in which counsel cannot, in good faith, advance any arguable grounds of error. However, in those instances, we require the brief of counsel to contain a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced.

High v. State, supra, 573 S.W.2d at 812. The Anders brief should contain

"ready references not only to the record, but also to germane legal authorities."

Mays v. State, supra, 904 S.W.2d at 922. Further, the briefing attorney "should

educate the reviewing court with all the salient facts and the relevant legal

authorities, and present and analyze the critical issues in the case." Id Finally,

the Court of Criminal Appeals has held that if arguable grounds for appeal are

found, a new defense counsel should be appointed to represent the appellant.

Stafford v. State,

813 S.W.2d 503, 511 (Tex.Crim.App. 1978).

BRIEF PURSUANT TO ANDERS V. CALIFORNIA (Michael Dean Raglin v. State of Texas)

## 2. Jurisdiction and Venue

Jurisdiction for felony offenses lies in the district courts and the criminal district courts. TEX. CODE CRIM. PROC. ART. 4.01 and 4.05.

This case was held in the 8th District Court, Hopkins County, Texas (CR:5,11 ,25-26, 51-53), which has jurisdiction for felony offenses.

Thus, jurisdiction was proper.

Chapter 13 of the Texas Code of Criminal Procedure states that an offense of possession of marijuana may be prosecuted in the county where the offense was committed or with the consent of the defendant in a county that is adjacent to and in the same judicial district as the county where the offense was committed. TEX. CODE CRM. PROC. ART. 13.22 Therefore, venue is proper in the county in which the offense was committed. TEX. CODE CRIM. PROC. ART. 13.18. The indictment alleges that the offense was committed "in the County of Hopkins," in Texas. (CR:5). The information contained within the Clerk's file, including, but not limited to, the executed plea bargain agreement established that the offense occurred in Hopkins County, Texas. (CR:5, 11, 25-26, 51-53). Therefore, venue was proper in Hopkins County. In addition, Rule 44.2(c) of the Texas Rules of Appellate Procedure provides that the court of appeals must presume that venue was proved jn the trial court unless

BRIEF PURSUANT TO ANDERS V. CALIFORNIA (Michael Dean Raglin v. State of Texas)

venue was disputed in the trial court or the record affirmatively shows that venue was not proven. TEX. R. App. PROC. 44.2(c)(1). The record does not indicate that venue was disputed or unproven in this case.

## 3. Adverse Pre-Trial Rulings

No evidence was provided to establish any adverse pre-trail rulings.

In fact, the State agreed to withdraw the month of May as far as

Paragraph 5 in the State's Motion to Revoke Community Supervision. And there was a stipulation of true by Appellant to all remaining paragraphs in the State's Motion to Revoke Community Supervision as well as a stipulation as to the Appellant's criminal history. Regarding stipulations, Appellant signed the section on the Written Plea

Admonishments on Motion to Revoke Community Supervision stating he consented to oral and written stipulations of evidence. (CR: 46). No evidence was provided to establish any conflict of interest between trial counsel and Appellant. There were no adverse pre-trial rulings.

## 4. Adverse Trial Rulings

During the guilt/innocence phase of trial, the State called no

witnesses. (RR Vol. 3). No objections to preserve error were made for the record concerning the testimony of any witnesses. (RR Vol. 3). The State introduced (2) exhibits — Written Plea Admonishments On Motion

To Revoke Community Supervision Or Motion To Proceed To

Adjudication and a recorded jail call made by Appellant. (RR Vol. 4: 4-6, 7; RR Vol. 3: 7-10). The exhibits were admitted without objection. (RR Vol. 3: 7-10). No error was preserved for review.

Trial counsel called (2) witnesses. (RR Vol. 3: 10-44). No objections were made by the State concerning the testimony of any witnesses, Appellant, Michael Dean Raglin, and Appellant's wife, Tina Raglin. (RR Vol. 3). Trial counsel introduced (2) exhibits — Employment Documentation and Order of Driver's License Reinstatement. (RR Vol. 4:5-7; RR Vol. 3: 19-26). The exhibits were admitted without objection. (RR Vol. 3: 19-26).

## 5. Jury Selection

Appellant waived his right to a jury. (CR:16, 17-23, 25-26, 45-47, 51-54). No issue of reviewable error is presented for jury selection.

## 6. Sufficiency of the Guilty Verdict and Sentence

On January 26, 2012, Mr. Raglin plead guilty to the offense of possession of marijuana in an amount of 50 pounds or less but more than 5 pounds and executed a plea bargain agreement. (CRM 6-27). The terms of the plea bargain agreement included a sentence recommendation for ten (10) years in the Institutional Division of the Texas Department of

Criminal Justice and for that sentence of confinement to be suspended and Mr. Raglin to be placed on community supewision for a period of ten

(10) years. (CR:25-26). The plea bargain agreement also imposed a fine of $3,000.00, court costs of $381.00, and restitution of $140.00. (CR:24, 25-26, 27). Furthermore, a community supervision order was executed listing the terms and conditions of community supervision. (CR:24). Mr. Raglin executed Written Plea Admonishments and the Trial Court's

Certification of Defendant's Right of Appeal. (CRM 7-23, 16). The Written Plea Admonishments included a section titled "Community Supervision" that states "If the Court grants you community supervision as opposed to deferred adjudication, upon violation of any imposed condition, you may be arrested and detained as provided by law. You will then be entitled to a hearing limited to the determination by the Court, without a jury, whether to revoke your community supervision and sentence you to confinement for a period of time not to exceed that originally assessed by the Court at the time you were found guilty. If you receive community supervision in more than one case, future revocations resulting in confinement in I.D.D.C.J. or

S.J.D.D.C.J. may be cumulated. (CR: 19). Appellant and his attorney signed those admonishments. (CR: 20-23).

On January 26, 2012, the Appellant and his attorney also signed the Trial Court's Certification of Defendant's Right of Appeal certifying that the defendant has no right of appeal and had waived the right of appeal. (CFR: 16).

On September 10, 2015, prior to any judgment being entered, the Appellant was admonished by the Court on the record. (RR Vol. 2: 5-13). In relevant parts, the Court admonished the Appellant on his right to a contested hearing. (RR Vol. 2: 6-8). The Court also advised the Appellant on the various options available to the Court. (RR Vol. 2: 6-8). The Appellant waived his rights and plead true to violating his probation. (RR Vol. 8, 10). The Appellant agreed that he was making his decisions freely, voluntarily, knowingly, and competently. (RR Vol. 8-9). The State admitted State's
Exhibit 1 (plea papers signed January 26, 2012) with no objection. (RR: Vol. 2: 10-12). The Appellant stated he understood what he was signing each time he signed. (RR Vol. 2: 11-12). The Court accepted Appellant's plea of true and found it to be true that Appellant did violate the conditions of his probation as alleged by the State after they have abandoned that one month in Paragraph 5. (RR Vol. 2: 12). The Court found that the decisions made by Appellant were made freely, voluntarily, knowingly, and competently. (RR
Vol. 2: 12).

BRIEF PURSUANT TO ANDERS V. CALIFORNIA (Michael Dean Raglin v. State of Texas)

The Appellant signed Written Plea Admonishments On Motion To Revoke Community Supervision Or Motion To Proceed To Adjudication stating "l swear my true name is MICHAEL DEAN RAGI-IN and I am one and the same person that was placed on community supervision in this cause. I further state that each and every allegation contained in the State's motion to revoke my community supervision or to adjudicate my guilt is true. When I was placed on community supervision, I was given a copy of the conditions of my community supervision and they were explained to me. I understood the conditions of community supervision at the time I was placed on community supervision, and I understand then, now, and at all intervening times. I swear to all of the foregoing and I further swear that all testimony I give in this case will be the truth, the whole truth and nothing but the truth, so help me God." (CR: 46). The Appellant also signed the section stating "l consent to oral and written stipulations of evidence." (CR: 46).

On September 22, 2015, the Court entered a Judgment Revoking Community Supervision and assessed punishment in accordance with the judgment originally entered - ten (10) years in the Institutional Division of the Texas Department of Criminal Justice. (CR:51-53, 25-26). The judgment also imposed a fine of $2,941.00 and court-appointed attorney's

BRIEF PURSUANT TO ANDERS V. CALIFORNIA (Michael Dean Raglin v. State of Texas)

fees of $500.00. (CR:51-53, 56). Appellant executed the Trial Court's

Certification of Defendants Right of Appeal on this day as well. (CR:54).

## 7. Sufficiency of the Indictment and Evidence of Guilt

The indictment in Appellant's case alleges that he

. .. on or about the 6th day of April, 2009, and beforethe presentment of this indictment, in the County of Hopkins, State of Texas, did then and there intentionally or knowingly possess a usable quantity of marijuana in an amount of 50 pounds or less but more than five pounds. (CR:5)

Chapter 481.121 of the Texas Health & Safety Code defines the offense of possession of marijuana in an amount of 50 pounds or less but more than 5 pounds.

That statute states, in relevant part:

(a) A person commits an offense if the person knowingly or intentionally possesses a usable quantity of marijuana... (b)(4) An offense under Subsection (a) is a felony of the third degree if the amount of marihuana possessed is 50 pounds or less but more than 5 pounds.

The indictment in Appellant's case alleges each of these elements.

(CR:5). Thus, the indictment sufficiently alleged the offense.

Appellant plead guilty to the offense and executed a plea bargain agreement. (CRM 7-27). Appellant executed Written Plea Admonishments on January 26, 2012. (CRM 7-23). The Written Plea Admonishments include a section labeled "Judicial Confession" that states "Upon my oath I swear that I am the person charged as the defendant in

BRIEF PURSUANT TO ANDERS V. CALIFORNIA (Michael Dean Raglin v. State of Texas)

the charging instrument; I have read (or have had read to me) the indictment or information filed in this case and it has been reviewed with me by my attorney and I understand all matters contained therein; I committed and am guilty of each and every act as alleged in the charging instrument, except those acts expressly waived by the State; all of the facts alleged in the charging instrument are true and correct; I am guilty of the offense(s) charged as well as all lesser included offenses; any enhancement and habitual allegations set forth in the Indictment, if any, are true and correct, expect those expressly waived by the State; I further admit any guilt on any unadjudicated offenses set forth in the plea recommendation, if any, and request the Court to take each into account in determining my sentence for the instant offense; I swear to all of the foregoing and further swear that all testimony I give in the case will be the truth, the whole truth, and nothing but the truth, so help me God." The Judicial Confession was signed by the Appellant. (CR:21-22).

On September 10, 2015, prior to any judgment being entered, the Appellant was admonished by the Court on the record. (RR Vol. 2: 5-13). In relevant parts, the Court admonished the Appellant on his right to a contested hearing. (RR Vol. 2: 6-8). The Court also advised the Appellant on the various options available to the Court. (RR Vol. 2: 6-8). The Appellant

BRIEF PURSUANT TO ANDERS V. CALIFORNIA (Michael Dean Raglin v. State of Texas)

waived his rights and plead true to violating his probation. (RR Vol. 2: 8). The Appellant agreed that he was making his decisions freely, voluntarily, knowingly, and competently. (RR Vol. 2: 9-10). The State admitted State's Exhibit 1 (plea papers signed January 26, 2012) with no objection. (RR Vol. 2: 10-11). The Appellant stated he understood what he was signing each time he signed. (RR Vol. 2: 11-12). The Court accepted Appellant's plea of true and found it to be true that Appellant did violate the conditions of his probation as alleged by the State after they have abandoned that one month in Paragraph 5. (RR Vol. 2: 12). The Court found that the decisions made by Appellant were made freely, voluntarily, knowingly, and competently. (RR Vol. 2: 12).

The Appellant also executed Written Plea Admonishments On Motion To Revoke Community Supervision Or Motion To Proceed To Adjudication on September 10, 2015. (CR.' 45-47). The Appellant signed the section stating "I swear my true name is MICHAEL DEAN RAGI-IN and I am one and the same person that was placed on community supervision in this cause. I further state that each and every allegation contained in the State's motion to revoke my community supervision or to adjudicate my guilt is true. When I was placed on community supervision,
I was given a copy of the conditions of my community supervision and

BRIEF PURSUANT TO ANDERS V. CALIFORNIA (Michael Dean Raglin v. State of Texas)

they were explained to me. I understood the conditions of community supervision at the time I was placed on community supervision, and I understand then, now, and at all intervening times. I swear to all of the foregoing and I further swear that all testimony I give in this case will be the truth, the whole truth and nothing but the truth, so help me God." (CR.' 46).

Trial counsel in 2012 did not object to the Written Plea Admonishments. (CR.' 17-23). Trial counsel in 2015 did not object to the Written Plea Admonishments On Motion To Revoke Or Motion To Proceed To Adjudication. (CR: 45-47). The Clerk's Record does not show any fundamental error(s) to which Appellant's trial counsel could or should have objected.

## 8. Trial Counsel's Objection(s) to Fundamental Error

The trial transcript and Clerk's Record do not show any fundamental error(s) to which Appellant's trial counsel could or should have objected.

## 9. Adverse Rulings During Punishment Phase

In the punishment phase of trial, Appellant's trial counsel called two witness; Appellant, Michael Dean Raglin (RR Vol 3: 10), and Appellant's wife, Tina Raglin (RR Vol. 3: 40). Appellant was admonished that he was not required to testify. (RR Vol. 3: 11). Both witnesses testified in favor of

a lenient sentence from the Judge for Appellant. (RR Vol. 3: 10-44). State's trial counsel did not make any objections to Appellant's trial counsel's questionsof either witness, or to their responses. (RR Vol. 3: 10-44). After both sides rested and closed at the punishment phase, the

Judge deliberated and returned with a sentence of ten (10) years confinement in the Texas Department of Corrections — Institutional Division, and a fine of $2,941.00 and court-appointed attorney fees of $500.00. (RR Vol. 3: 44-55).

The Court did not make any adverse rulings to the defense during the punishment phase of trial. (RR Vol. 3). No error was preserved or presented for review from the punishment phase of the trial. (RR Vol. 3).

## 10. Legality of the Sentence

## A. Prison Sentence

Based on the evidence presented by the State at trial, Appellantwas convicted of possession of marijuana in an amount of fifty (50) pounds or less but more than five (5) pounds, and was subject to a sentence of two

(2) years to ten (10) years in prison. (CR: 17-20, 25-26, 45-47, 51-53). Chapter 481 of the Texas Health & Safety Code. The judge sentenced him to ten (10) years in prison. (CR: 51-53)(RR Vol. 3: 53-54). Since this sentence was within the statutory range of two (2) years to ten (10) years,

his sentence was legal. See Bradfield v. State, 42 S.W.3d 350, 354 (Tex.App.—Eastland 2001, pet. ref'd) ("A penalty within the range of punishment established by the legislature will not be disturbed on appeal."); see also, Jackson v. State, 680 S.W.2d 809, 814 (Tex.Crim.App. 1984).

On the other hand, the Second Court of Appeals has implied that a sentence might be reviewable for an abuse of discretion based upon the Eighth Amendment's prohibition against cruel and unusual punishment. Pollard v. state, 2012 WI-5447955, at *1, 2012 Tex. App. LEXIS 9306 (Tex.App.—Fort Worth #02-11-00496- CR, #02-11-00497-CR, #02-11-00498-CR, #02-11-00499-CR, #02-11-00500-CR, 11/8/2012, no pet, Not Designated for Publication); U.S. Constitution, Amend. VlII. In Pollard, the Court stated, "In general, when the sentence imposed is within the proper range of punishment, the trial court has a great deal of discretion and the sentence will not bedisturbed on appeal," and then held that the trial court did not abuse its discretion in sentencing the appellant to 75 years in prison. Pollard v. State, supra, 2012 WL 5447955 at *1-2.

In Appellant's case, I believe challenging the sentence as a violation of the Eighth Amendment's prohibition of cruel and unusual punishment would be frivolous, in view of the nature of the offense and the fact that

the Appellant agreed to the sentence in the original judgment and executed written admonishments on two separate occasions.

Based on the foregoing, I believe it would be frivolous to argue that the trial court abused its discretion by imposing a sentence of ten (10) years in prison in this case.

## B. Court Costs

The trial court's judgment includes $0.00 in court costs. (CR: 51-53)

## 11. Judgment Accurately Reflects Sentence

The Trial Court's Judgment reflects that Appellant was found guilty of possession of marijuana in an amount of fifty (50) pounds or less but more than five (5) pounds and that it was true that the Appellant violated the conditions of his community supervision. (CR: 51-53). The Judgment also states that Appellant was sentenced to ten (10) years imprisonment in the Texas Department of Criminal Justice — Institutional Division, and a fine of $2,941.00 and court-appointed attorney fees of $500.00. (CR: 5153, 56). This corresponds with the sentence at the conclusion of the punishment phase of the trial. (CR: 25-27, 51-53, 56) (RR Vol. 3: 53-54).

## 12. Effective Assistance of Counsel

Appellate counsel has fully and thoroughly examined the trial transcript and Clerk's Record. No evidence of ineffective assistance of

counsel is present in the record. Trial counsel thoroughly and diligently presented witness testimony on Appellant's behalf at the punishment phase and the Judge handed down a sentence; a sentence that was in accordance with the judgment originally entered and agreed to by the defendant after executing written admonishments. (CR: 51-53) (RR Vol. 3: 51-53. Furthermore, in the Written Plea Admonishments To Revoke Community Supervision, the Appellate signed indicating he was totally satisfied with the representation given to him by his counsel and that he provided effective and competent representation. (CR: 46). Accordingly,

Appellant received effective assistance of counsel at trial.

BRIEF PURSUANT TO ANDERS V. CALIFORNIA (Michael Dean Raglin v. State of Texas)

## CONCLUSION AND PRAYER FOR RELIEF

Based on the foregoing discussion, and after a conscientious examination of the appellate record and relevant case law, I believe that any issue that could be raised in this case would be wholly frivolous, and I therefore request this Honorable Court's permission to withdraw as counsel for Appellant.

I therefore respectfully pray that this Honorable Court would grant my Motion for Withdrawal of Counsel and relieve me from further responsibility in this case.

Respectfully submitted,

BRYAN WHITE
Attorney at Law
210 W. Shannon Rd.
Sulphur Springs, TX 75482
Ph: 903-885-1155
Fax: 903-885-5522
Email: bryan@roperwhite.com
SBN:    24081206
Attorney for Appellant
MICHAEL DEAN RAGI-IN

BRIEF PURSUANT TO ANDERS V. CALIFORNIA (Michael Dean Raglin v. State of Texas)

## CERTIFICATE OF COMPLIANCE

Per Rule 9.4 of the Texas Rules of Appellate Procedure, I certify that the foregoing brief contains 5411 words—exclusive of those portions which are excludable per Texas Rule of Appellate Procedure 9.4(i)(1)—based on the word count of Microsoft Word word-processing software, which was used to prepare this document. I further certify that the document uses the Arial 14-point font.

_____

BRYAN WHITE
Attorney at Law
210 W. Shannon Rd.
Sulphur Springs, TX 75482
Ph: 903-885-1155
Fax: 903-885-5522
Email: bryan@roperwhite.com
SBN: 24081206

Attorney for Appellant
MICHAEL DEAN RAGI-IN

BRIEF PURSUANT TO ANDERS V. CALIFORNIA (Michael Dean Raglin v. State of Texas)

# CERTIFICATE OF SERVICE FORBRIEF

As Attorney for the Appellant, MICHAEL DEAN RAGI-IN, I certify that a true and correct copy of the foregoing brief was delivered to the counsel listed below, at the address indicated, on December 15, 2015, by eFile service.

Counsel for the State of Texas
Matt Harris
Assistant Criminal District Attorney 8th
Judicial District Attorney's Office 100
Main St.
Sulphur Springs, TX 75482
Email: mharris@hopkinscountytx.orq SBN:
24083142

And I further certify that a true and correct copy of the foregoing brief was mailed via first-class certified U.S. mail, return receipt requested, to the party listed below, at the address indicated, on

December 15, 2015.

Appellant
Michael Dean Raglin
TDCJ#02026959
Joe F. Gurney
1385 FM 3328
Palestine, TX 75803

BRYAN WHITE
Attorney for Appellant,
MICHAEL DEAN RAGI-IN

BRIEF PURSUANT TO ANDERS V. CALIFORNIA (Michael Dean Raglin v. State of Texas)