**Opinion filed October 25, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00325-CR

_____

## RONTRELL SHELTON YOUNG, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 35th District Court

Brown County, Texas

Trial Court Cause No. CR24131

## MEMORANDUM OPINION

Rontrell Shelton Young entered an open plea of guilty to two counts of aggravated assault with a deadly weapon. The trial court sentenced Appellant to confinement for a term of twenty years in the Institutional Division of the Texas Department of Criminal Justice for each count, to run concurrently.[1] In a single

---

[1]We note that there is only one written judgment of conviction in this cause. It pertains to both counts.

issue on appeal, Appellant contends that his sentence constituted cruel and unusual punishment. We affirm.

*Background Facts*

Appellant entered an open plea of guilty to two counts of aggravated assault with a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a), (b) (West 2011). Appellant executed a stipulation of evidence wherein he stipulated that he "committed each and every act alleged therein" and that all facts alleged in the indictment were correct. In Count I of the indictment, Appellant was charged with intentionally, knowingly, or recklessly causing bodily injury to D.M. by shooting him in the head with a firearm. In Count II, Appellant was charged with intentionally, knowingly, or recklessly causing bodily injury to X.M. by striking him in the face with a firearm.

The trial court conducted a hearing in which sixteen witnesses testified. The testimony established that, on September 21, 2015, D.M., X.M., and another coworker were doing lawn care for a customer when Appellant and three other men exited a vehicle and approached D.M. in an aggressive manner. Appellant and the three men accompanying him chased D.M. down and began beating, kicking, and stomping him.

During the fight, Appellant pulled out a pistol and pointed it at X.M. Appellant then struck X.M. across the face with the firearm, causing it to discharge. As a result, X.M. was burned by gunpowder, suffered temporary vision loss, and was left with a permanent facial scar.

After striking X.M. with the firearm, Appellant approached D.M., who was lying on the ground. Appellant pointed the pistol at D.M., shot him in the head, and then fled. D.M. was airlifted to Fort Worth for treatment. He avoided a fatal injury by only a few inches, as the bullet just grazed his skull. The attack on D.M. and X.M. took place in view of multiple witnesses, including a young child.

D.M. and X.M. both testified that, prior to the attack, neither of them knew Appellant personally. Appellant testified that the attack was retaliatory as Appellant believed that D.M. had previously beaten up one of Appellant's codefendants and had also tried to run another one off the road.

Amber Boswell, an assistant director for the Brown County Community Supervisions and Corrections Department, testified that Appellant had been placed on community supervision for assault-family violence just twenty days prior to Appellant's assault of D.M. and X.M. Boswell further testified that, in addition to having a criminal history in Caddo Parish, Louisiana, Appellant was also currently facing pending charges for a separate aggravated assault with a deadly weapon and for felony possession of marihuana.

Boswell also testified that Appellant had previously admitted to being a member of the "Rollin 60 Crips," a criminal street gang. Even though Appellant denied that he had ever been, or currently was, a member of the Crips, one of Appellant's codefendants, Marcus Phillips, testified to the contrary. Christopher Wells, an officer with the Fort Worth Police Department gang unit, testified that Appellant's actions suggested Appellant was a current member of the Crips.

At the conclusion of the hearing, the trial court found Appellant guilty and sentenced him to confinement for twenty years for each offense, with the sentences to be served concurrently. The trial court also made a deadly weapon finding.

*Analysis*

Appellant argues that his sentence is grossly disproportionate to the offense and thus constitutes cruel and unusual punishment. In support of his argument, Appellant points to his alleged lack of a substantial criminal history, the lighter sentence received by his codefendant, and this State's alleged proclivity for imposing harsher sentences than other jurisdictions. Additionally, Appellant urges that no one was seriously injured by his actions.

We note at the outset that Appellant did not object to his sentence, neither at the time of sentencing nor in any post-trial motion, on any grounds, including the grounds that he asserts on appeal. To preserve an error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a). Therefore, Appellant has failed to preserve error and has waived his complaint on appeal. *See id.*; *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (Eighth Amendment issues are forfeited if not raised in the trial court); *Solis v. State*, 945 S.W.2d 300, 301–02 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (holding that a claim of a grossly disproportionate sentence in violation of Eighth Amendment was forfeited by failure to object).

Notwithstanding Appellant's waiver, we conclude that Appellant's sentence did not constitute cruel and unusual punishment. In reviewing a trial court's sentencing determination, "a great deal of discretion is allowed the sentencing judge." *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). We will not disturb a trial court's decision as to punishment "absent a showing of abuse of discretion and harm." *Id.*

The Eighth Amendment prohibits sentences that are "grossly disproportionate" to the offense for which the defendant has been convicted. *Bradfield v. State*, 42 S.W.3d 350, 353 (Tex. App.—Eastland 2001, pet. ref'd) (citing *Harmelin v. Michigan*, 501 U.S. 957 (1991)). However, "[o]utside the context of capital punishment, successful challenges to the proportionality of particular sentences [will be] exceedingly rare." *Solem v. Helm*, 463 U.S. 277, 289–90 (1983) (alterations in original) (quoting *Rummel v. Estelle*, 445 U.S. 263, 272 (1980)). When a sentence falls within the range of punishment provided by the legislature, it is generally not grossly disproportionate to the offense committed. *See, e.g.*, *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). The statutory range

of punishment for a second-degree felony is confinement "for any term of not more than 20 years or less than 2 years." PENAL § 12.33(a) (West 2011). Appellant does not argue that his sentence is beyond the range the legislature has provided.

Even if a sentence falls within the statutory punishment range, the sentence may violate the Eighth Amendment if it is grossly disproportionate to either the offense itself or sentences in other similar circumstances. *See Bradfield*, 42 S.W.3d at 353–54. To evaluate the proportionality of a sentence, we must first compare the gravity of the offense with the severity of the sentence. *Id.* When analyzing the gravity of the offense, we examine the harm caused or threatened to the victim or society and the culpability of the offender. *See, e.g.*, *Hooper v. State*, No. 11-10-00284-CR, 2011 WL 3855190, at *3 (Tex. App.—Eastland Aug. 31, 2011, pet. ref'd) (mem. op., not designated for publication) (citing *Solem*, 463 U.S. at 291–92). Only if the sentence is grossly disproportionate to the offense do we then compare Appellant's sentence with the sentences received for similar crimes in this jurisdiction or sentences received in other jurisdictions. *Bradfield*, 42 S.W.3d at 353–54.

Here, Appellant admitted to the acts alleged in the indictment—that he intentionally, knowingly, or recklessly shot one victim in the head with a firearm and intentionally struck another in the face with a firearm. While Appellant contends that his actions did not cause any serious injury, Appellant narrowly avoided inflicting a fatal wound on one victim and inflicted permanent injuries on the other. Additionally, while it is true that Appellant's codefendant received a lighter sentence, Appellant was the only party who brought and used a firearm. Furthermore, though Appellant argues that he did not have a criminal history significant enough to warrant such a sentence, Appellant had multiple previous convictions, as well as other pending felony offenses, at the time of sentencing.

Considering the nature of Appellant's offenses in this cause, and given the injuries sustained by the victims along with Appellant's criminal history and use of a firearm, we are unable to conclude that the trial court abused its discretion in imposing twenty-year sentences of confinement for Appellant. We conclude that Appellant's twenty-year sentences are not grossly disproportionate to the offenses. Because we have concluded that the sentences are not grossly disproportionate to the offenses, we do not compare Appellant's sentences to sentences imposed for similar crimes in Texas or to sentences imposed for the same crimes in other jurisdictions. *See Solem*, 463 U.S. at 292. Appellant's sole issue is overruled.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY
CHIEF JUSTICE


October 25, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.;
Gray, C.J., 10th Court of Appeals[2];
and Wright, S.C.J.[3]

Willson, J., not participating.

---

[2]Tom Gray, Chief Justice, Court of Appeals, 10th District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.

6