**Opinion filed April 15, 2021**



## In The

# Eleventh Court of Appeals

_____

## No. 11-19-00188-CR

_____

## BRANDON CARL POWELL, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 21294-B**

### MEMORANDUM OPINION

Brandon Carl Powell pleaded guilty to the state jail felony offense of possession of a controlled substance, namely cocaine, in an amount of less than one gram. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West 2017). Appellant proceeded to a jury trial but changed his plea to "guilty" after the jury was empaneled and sworn. He pleaded "true" to allegations that he had previously been convicted of two state jail felonies: possession of marihuana and possession of a controlled substance. *See* TEX. PENAL CODE ANN. § 12.425(a) (West 2019). The jury found Appellant guilty, found the enhancement allegations to be true, and

assessed punishment at confinement for ten years in the Institutional Division of the Texas Department of Criminal Justice. The trial court sentenced him accordingly.

In a single issue, Appellant contends that his sentence constituted cruel and unusual punishment. We affirm.

*Background Facts*

On the morning of March 5, 2018, Detective Jordan Brown of the Abilene Police Department executed a warrant issued for the entry and search of Appellant's home. The officers saw vehicles outside and heard people inside the home. After multiple knocks on the door with no answer, the officers attempted to force entry. It took a few minutes for the officers to successfully force their way into the home.

Upon entering the home, Detective Brown and the other officers on scene witnessed Appellant reentering the home from the back door. Christina Mansker was located in a bedroom. Drugs and drug paraphernalia were in plain view inside the home. Near the front door, officers found loose marihuana and a bong, along with an off-white powdery substance that later returned a negative result for the presence of a controlled substance.

When confronted by officers regarding other drugs in the home, Appellant led the officers to the back bedroom where Mansker was found, pointed to a glass vial, surrendered the vial, and claimed that that was the only cocaine in the home. No other cocaine was discovered.

The substance in the vial was subsequently tested by Jacklyn Lochridge, a forensic scientist with the Texas Department of Public Safety Crime Laboratory, who confirmed the substance to be 0.01 grams of cocaine. Lochridge testified that, although a very small amount of cocaine, the 0.01 grams Appellant surrendered was still a "measurable" amount.

*The Eighth Amendment*

Appellant argues, as he did in his motion for new trial, that his sentence is grossly disproportionate to the offense and, thus, constitutes cruel and unusual punishment. In support of his argument, Appellant points to the "infinitesimal" amount of cocaine recovered, 0.01 grams, and to sentences of other defendants in this state and other jurisdictions for similar crimes.

The Eighth Amendment prohibits sentences that are "grossly disproportionate" to the offense for which the defendant has been convicted. *Bradfield v. State*, 42 S.W.3d 350, 353 (Tex. App.—Eastland 2001, pet. ref'd) (citing *Harmelin v. Michigan*, 501 U.S. 957 (1991)). However, "[o]utside the context of capital punishment, *successful* challenges to the proportionality of particular sentences [will be] exceedingly rare." *Solem v. Helm*, 463 U.S. 277, 289–90 (1983) (alterations in original) (quoting *Rummel v. Estelle*, 445 U.S. 263, 272 (1980)). When a sentence falls within the range of punishment provided by the legislature, it is generally not grossly disproportionate to the offense committed. *See, e.g.*, *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973).

Because of the enhancement allegations in this case, Appellant's conviction for a state jail felony was punishable as a third-degree felony. *See* PENAL § 12.425(a). The statutory range of punishment for a third-degree felony is confinement "for any term of not more than 10 years or less than 2 years." PENAL § 12.34(a). The jury assessed Appellant's punishment within the applicable statutory range, and Appellant does not argue that his sentence is beyond that range.

Even if a sentence falls within the statutory punishment range, the sentence may violate the Eighth Amendment if it is grossly disproportionate to either the offense itself or sentences in other similar circumstances. *See Bradfield*, 42 S.W.3d at 353–54. To evaluate the proportionality of a sentence, we must first compare the gravity of the offense with the severity of the sentence. *Id.* We consider the sentence

imposed in light of the offender's prior adjudicated and unadjudicated offenses. *Culton v. State*, 95 S.W.3d 401, 403 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd); *see McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992). When analyzing the gravity of the offense, we examine the harm caused or threatened to the victim or society and the culpability of the offender. *See, e.g.*, *Hooper v. State*, No. 11-10-00284-CR, 2011 WL 3855190, at *3 (Tex. App.—Eastland Aug. 31, 2011, pet. ref'd) (mem. op., not designated for publication) (citing *Solem*, 463 U.S. at 291–92). Only if the sentence is grossly disproportionate to the offense do we then compare Appellant's sentence with the sentences received for similar crimes in this jurisdiction or sentences received in other jurisdictions. *Bradfield*, 42 S.W.3d at 353–54.

## *Analysis*

At trial, the State introduced evidence of numerous prior convictions, including four felonies. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a) (West Supp. 2020). Appellant had previously been given probated sentences for two separate felony offenses. In both instances, however, Appellant failed to abide by the terms and conditions of his community supervision, and his community supervision was revoked. Appellant's nine prior convictions were entered into evidence without objection. Those convictions included:

1. A state jail felony for possession of marihuana for which Appellant's punishment was assessed at a $1,000 fine and fourteen months' confinement;

2. A state jail felony for possession of methamphetamine for which Appellant's punishment was originally assessed at two years' confinement—probated for four years—but, upon revocation, Appellant was sentenced to eighteen months' confinement;

3. A third-degree felony for deadly conduct for which Appellant's punishment was originally assessed at a $1,000 fine and six years'

confinement—probated for six years—but, upon revocation, Appellant was sentenced to three years' confinement;

4. A Class B misdemeanor for theft for which Appellant was fined $500 and sentenced to 180 days in jail—probated for six months;

5. A state jail felony for delivery of a simulated controlled substance for which Appellant was sentenced to twelve months in state jail;

6. A Class A misdemeanor for burglary of a vehicle for which Appellant was fined $500 and sentenced to thirty days in jail;

7. A Class A misdemeanor for escape for which Appellant was sentenced to sixty days in jail;

8. A Class B misdemeanor for evading arrest for which Appellant was fined $200 and sentenced to thirty days in jail; and

9. A Class A misdemeanor for unlawful carrying of a weapon for which Appellant was fined $400 and sentenced to ten days in jail.

Given Appellant's extensive prior criminal history, which the jury could properly consider in the punishment phase of the trial, we are unable to conclude that the punishment assessed by the jury was cruel and unusual. We hold that Appellant's ten-year sentence is not grossly disproportionate to the offense. Because we have concluded that the sentence is not grossly disproportionate to the offense, we do not compare Appellant's sentence to sentences imposed for similar crimes in Texas or other jurisdictions. *See Graham v. Florida*, 560 U.S. 48, 60 (2010). Appellant's sole issue is overruled.

### *This Court's Ruling*

We affirm the judgment of the trial court.

April 15, 2021                                           W. BRUCE WILLIAMS

Do not publish. *See* TEX. R. APP. P. 47.2(b).        JUSTICE

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

5